[No. 12744.  In Bank. — January 12, 1889.]

In the Matter of THE ESTATE OF GASTON OXARART, Deceased. ADELE FREEMAN, Appellant, v. SIMON F. GLESS, Executor, Respondent.

Estates of Deceased Persons — Adjudication of Heirship — Continuance of Petition for Distribution — Discretion. — The mere pendency of a proceeding for the adjudication of heirship, under section 1664 of the Code of Civil Procedure, is not a ground for compelling a continuance of a petition of the executor for the distribution of the estate. The question of heirship may be determined on the hearing of the petition for distribution, and the court has discretion either to hear and determine the whole matter, or to postpone the hearing of the petition, which this court will not interfere with, unless abused.

Id. — Construction of Code. — The object of the enactment of section 1664 of the Code of Civil Procedure is to expedite distribution of the estates by enabling persons claiming interests therein to have their claims determined in advance of the application for distribution, and resort cannot be had to the provisions of that section to delay the settlement and distribution of estates.

Appeal from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*J. W. Towner*, for Appellant.

*Chapman & Hendrick, Smith & Clark, T. B. Brown*, and *M. V. Biscailuz*, for Respondent.

Thornton, J. — The decedent died testate in the county of Los Angeles on the twenty-sixth day of April, 1886.

By his will the deceased devised all his estate to the respondent herein, Simon F. Gless. This will was allowed and admitted to probate on the fourth day of February, 1887, and letters testamentary were on the same day issued to the devisee above named, who was by the will appointed executor thereof.

On the ninth day of February, 1888, the appellant herein, Adele Freeman, filed a petition in the superior court of Los Angeles County, under the provisions of section 1664 of the Code of Civil Procedure, claiming to be the only surviving child and heir of the testator, and setting forth that the will of the decedent omitted to provide for the petitioner, his only child, and that it did not appear from the will this omission was intentional. The petition seems to have complied with the requirements of section 1664.

On the same day in February, 1888, the court below made an order directing service of notice to all persons interested in the estate to appear in said court and file their appearance therein, in person or by attorney, on or before the thirty-first day of May, 1888, and to set forth their claims of heirship, etc., on said estate, as required by the section above referred to.

The foregoing notice was issued and placed in the hands of the sheriff for service on the 16th of February, 1888.

On the same day, after the making of the order above mentioned, Gless filed in the same court his final account as executor of the estate of Oxarart, and a petition for the distribution thereof.

Thereupon, on the same day, the court made an order fixing the twenty-first day of February, 1888, for the hearing of this account and petition.

On the 16th of February, 1888, the petitioner herein, Adele Freeman, served on Gless notice of motion for a continuance of the hearing of the above petition for distribution until the determination by the court of the claim of heirship in the estate of Oxarart, made by her, and of the rights of all persons in the estate, in accordance with the prayer of her petition, filed as above stated.

The notice stated as the ground of the motion the following: "That when a petition has been duly filed

under said section 1664, and said petition and other proceedings thereupon are pending, distribution cannot be made until the court has ascertained and declared the rights of all persons as aforesaid in the manner prescribed in said section, and upon the ground that said Adele Freeman, having filed her petition claiming to be heir to the said deceased, and entitled to distribution of his estate, is entitled to have her rights and claims ascertained and determined in the mode and manner provided in said section in preference to any other mode allowed by law in cases where proceedings are not had or taken under said section, and before any order of distribution is made in said estate."

When the matter of the petition for distribution was called for hearing on the 21st of February, 1888, the motion for a continuance was first heard and denied. To this ruling, petitioner, Adele Freeman, excepted, and appeals from the judgment herein.

That the question of the heirship of Adele Freeman might as well have been heard and determined on the hearing of the petition for distribution of the estate is too plain to admit of doubt.    That the trial of such question is regular when the application for distribution is brought on for hearing, and no previous determination of such question has been had in proceedings taken under section 1664, we think is clear.    This appears from the provisions of the section.    (See last sentence of section 1664.)

We cannot conceive that the pendency of the proceeding under section 1664 excludes the usual proceeding for the determination of the question of heirship at the hearing of the application for distribution.    When in advance of any determination of the court of the questions involved in the proceeding under section 1664, an application is made for distribution, we see no reason why the court should not hear the latter, determine all questions of heirship, and dismiss the other proceeding.

It will be observed that the application for a continuance here was not made on the ground that the applicant was not ready to proceed with the hearing of the question of her right as heir of Oxarart. She did not urge as a ground for postponement of the hearing that the witnesses she wanted to offer to establish her claim were not present, although regularly and in time summoned, or that she desired to introduce documentary evidence in existence, which she could procure, but which, in the exercise of all proper diligence on her part, she had been unable to procure, but entirely upon the ground that she had a short time before commenced proceedings for the trial and determination of a claim of heirship preferred by her, and which was still pending and undetermined.

From the views heretofore expressed, from which it appears that the question desired to be tried could as well be heard and determined at the hearing of the application for distribution as on the proceedings commenced under the section of the statute above mentioned, the question of postponement became one merely of discretion on the part of the court below. The exercise of this discretion by the court, unless abused, this court will not interfere with. In our judgment, the court very properly exercised its discretion in refusing to postpone the cause. If resort is to be had to the provisions of section 1664 to delay the settlement and distribution of estates, it had better never been passed. We have no doubt that the object of its enactment was to expedite such distribution by enabling persons claiming interests in estates to have their claims determined in advance of the application for distribution, and when such application was made and came on for hearing, the court would have no trial of such questions to make, and would at once decree to such person ascertained to be entitled the portion of the estate adjudged to him.

The determination of the proceedings initiated by the

appellant in this court, under section 1664, would have involved much delay, and would have deprived the devisee of the estate of his right on the showing made of having the question determined then and there on the application for distribution made by him.

Judgment affirmed.

McFARLAND, J., WORKS, J., SHARPSTEIN, J., and PATERSON, J., concurred.