[L. A. Nos. 451 and 504. Department Two.—December 1, 1898.]

In the Matter of the Estate of W. F. SHEID, Deceased. S. B. CLAY et al., Appellants, v. MARY T. WALL, Respondent.

ESTATES OF DECEASED PERSONS—ORDER FOR DISTRIBUTION—PREMATURE APPEAL—DISMISSAL.—An appeal from an order for distribution of the estate of a deceased person appended to the findings of fact and conclusions of law, filed upon a contest of heirship, before the entry at large in the minutes of a decree describing the property distributed, is premature, and must be dismissed.

ID.—PREMATURE PETITION OF HEIR—PENDENCY OF FINAL ACCOUNT—DISMISSAL OF PETITION.—A petition of an heir for a final distribution of the estate not filed with the final account of the administrator, but pending and previous to its final settlement, is prematurely filed under section 1665 of the Code of Civil Procedure, and cannot confer jurisdiction upon the court to make distribution thereunder, but should be dismissed.

ID.—DETERMINATION OF HEIRSHIP—JURY TRIAL.—It seems that issues raised in a proceeding to determine the question of heirship are a proper subject for a jury trial.

APPEALS from a decree of the Superior Court of San Luis Obispo County distributing the estate of a deceased person. E. P. Unangst, Judge.

The facts are stated in the opinion.

Charles A. Palmer, and F. A. Dorn, for Appellants.

Lanham & McCall, and W. H. Spencer, for Respondent.

HAYNES, C.—Respondent, Mary T. Wall, filed her petition asking that said estate (consisting principally of real estate, of which there were several parcels) be distributed to her as the sole heir of said decedent, who died intestate. Appellants contested her heirship and right to distribution. Upon the hearing, the court made findings of fact and conclusions of law in her favor, followed by the words: "Let distribution of said estate be made accordingly." Before the entry of any order or decree thereon the first of these appeals (No. 451) was taken, and respondent contends that it was premature, and must be dismissed.

Section 1704 of the Code of Civil Procedure provides that "all orders and decrees of the court or judge must be entered at length in the minute-book of the court"; and it is obvious that such order or decree, when it provides for the distribution of an estate, must describe the property distributed; and section 1715 of the Code of Civil Procedure provides that "the appeal must be taken within sixty days after the order, decree, or judgment is entered"; and for the purposes of an appeal it is "entered" when it is entered at large upon the minutes. (*In re Blythe*, 110 Cal. 226.) This appeal (No. 451) was therefore premature, and should be dismissed.

The second of these appeals, No. 504, is taken by the same contestants from the judgment or decree subsequently made and entered pursuant to said findings and order. The transcripts in the two appeals are identically the same, except that the second transcript sets out the judgment which was entered after the first appeal was taken. The record contains two bills of exceptions, setting out the proceedings so far as is necessary to a decision of the questions made.

1. It is contended by appellants that the court had no jurisdiction to entertain the petition for distribution, or to make any order directing distribution of the estate, or to determine who were the legal heirs of the deceased, for the reason that the petition therefor was prematurely filed.

W. T. Sheid died intestate March 9, 1896, leaving an estate consisting of real and personal property. An administrator was appointed March 25, 1896, and letters of administration were issued to him on April 9, 1896.

On May 2d notice to creditors was given, allowing ten months for the presentation of claims, and on April 3, 1897, the administrator filed his final account, which was allowed and settled on April 15, 1897.

On April 5, 1897, Mary T. Wall, claiming to be the only child and sole heir at law of the deceased, filed her petition for the distribution of said estate to her, and notice was given that said petition would be heard on April 20, 1897. A demurrer to this petition was interposed by appellants, and was overruled by the court, and contestants thereupon answered, denying that petitioner was the daughter of the deceased, or an heir at law,

CXXII. CAL.—34

or was entitled to any interest in said estate, and also pleaded that the court had no jurisdiction to entertain or hear said petition for reasons the substance of which is as follows: (*a*) That the same was filed herein before the expiration of one year from the issuing of letters of administration upon said estate; (*b*) That said petition was filed before the settlement of the final account of the administrator; (*c*) That the same was not filed with the final or any account of the administrator.

There are four leading sections of the Code of Civil Procedure relating to the distribution of estates of deceased persons.

Under article 2, chapter X, entitled "Accounting and settlements by executors and administrators," section 1634 provides: "If the account mentioned in the preceding section be for a final settlement, and a petition for the final distribution of the estate be filed with said account, the notice of settlement must state those facts, which notice must be given by posting or publication for at least ten days prior to the day of settlement. On the settlement of said account, distribution and partition of the estate to all entitled thereto may be immediately had without further notice or proceedings." (Stats. 1891, p. 428.)

Article 1 of chapter XI provides for "Partial distribution prior to final settlement," and permits any heir, devisee, or legatee, at any time after the lapse of four months from the issuing of letters testamentary or of administration, to petition the court for his share of the estate to be given to him, upon giving bond, etc. (Code Civ. Proc., sec. 1658.)

Article 2 of chapter XI is entitled, "Distribution on final settlement." The first section under this article (Code Civ. Proc., sec. 1664) relates to "determining heirship and title to estate," and permits any person claiming to be entitled to distribution in whole or in part of such estate, "at any time after the expiration of one year from the issuing of letters testamentary or of administration upon such estate," to file a petition "praying the court to ascertain and declare the rights of all persons to said estate and all interests therein, and to whom distribution thereof should be made." This section is very long, and provides for the proceedings to be had therein, the effect of the judgment, etc.

Section 1665 of the Code of Civil Procedure is, in part, as follows: "Upon the final settlement of the accounts of the executor

or administrator, or at any subsequent time upon the application of the executor or administrator, or of any heir, legatee, or devisee, the court must proceed to distribute the residue of the estate in the hands of the executor or administrator, if any, among the persons who are by law entitled thereto."

Said section 1634 permits the executor or administrator to file with his final account a petition for distribution; but whether anyone else may do so it is not necessary to decide, inasmuch as in this case the petition for distribution was not filed wth the final account, and was filed before the account was settled. Heirs, devisees, and legatees are not mentioned in that section, while they are mentioned in section 1658, providing for partial distribution, and in 1665, where it is provided that at any time subsequent to the settlement of the final account they may apply to the court for distribution. Aside from the provision in regard to partial distribution, the only express authority for the heir, devisee, or legatee to apply for distribution is found in secti n 1665, and such application is limited to any time "subsequent" to the final settlement of the accounts. If, therefore, it be conceded that the heir might have filed her petition at the same time, or with the filing of the final account of the administrator, she did not do so, and, having so failed, she could not regularly do so until after the final account was settled; or, if her petition be regarded as one to determine heirship, as it was filed before the expiration of one year from the issuing of letters of administration, it was premature, and conferred no authority upon the court to entertain it. The provision in section 1634, permitting a petition for distribution to be filed "with" the final account, was probably intended to enable the administrator to hasten the closing of the estate, and to make one notice and cne hearing serve both purposes. But, whatever the reason may be, we find no authority for filing a petition for distribution at any time prior to the settlement of the final account, unless it is filed "with" it. This is a special proceeding based upon the statute and involving title to property, both real and personal, and in which the jurisdiction of the court can be acquired only by the observance of its provisions. (*Smith v. Westerfield*, 88 Cal. 374.)

As the petition of respondent was filed after the final account was filed and before it was settled, the judgment should be reversed and her petition dismissed.

After respondent's petition was filed, viz., on April 10, 1897, and after the expiration of a year from the issuance of letters of administration, appellants, claiming to be the only heirs of said intestate, filed their petition under the provisions of section 1664 of the Code of Civil Procedure, for the purpose of determining who were the heirs of said intestate and entitled to said estate. Notice was duly given to all persons interested to appear and show cause against said petition on July 15, 1897. The hearing of respondent's petition for distribution was concluded and the findings therein filed on June 24, 1897, and before the time designated for the hearing of appellants' said petition. If the petition of respondent for distribution had been filed at the proper time, all the questions made thereunder to determine heirship and title to the estate could have been properly determined under it. (*In re Oxarart*, 78 Cal. 109.)

The question as to whether the court erred in refusing a continuance of the hearing until the return of a certain commission to take depositions need not be considered.

Appellants also contend that the court erred in denying their demand for a jury to try the issues of fact raised by said petition and the answer thereto.

As we cannot assume that upon a new proceeding for distribution, or to determine the question of heirship, a jury will be demanded, or, if demanded, be denied, no opinion is expressed upon it, further than to say that said issue is of a character which would render its submission to a jury entirely proper. We advise that the first appeal, No. 451, be dismissed, and that the judgment from which the second appeal (No. 504) is taken be reversed, with directions to dismiss respondent's petition.

Chipman, C., and Searls, C., concurred.

For the reasons given in the foregoing opinion the first appeal, No. 451, is dismissed, and the judgment from which the second appeal (No. 504) is taken is reversed, with directions to dismiss respondent's petition.

McFarland, J., Temple, J., Henshaw, J.