[L. A. No. 870. Department One.—July 18, 1900.]

In the Matter of the Estate of W. T. SHEID, Deceased. S. B. CLAY et al., Appellants, v. MARY T. WALL, Respondent.

ESTATES OF DECEASED PERSONS—SETTLEMENT OF FINAL ACCOUNT—PETITION FOR DISTRIBUTION—CONTEST OF HEIRSHIP.—Where the final account of an administrator has been settled, one claiming to be an heir of the estate may file a petition for distribution, and the court may thereupon determine a contest of heirship and order distribution to the person or persons found to be entitled to the same.

ID.—SUPPLEMENTAL STATEMENT OF ADMINISTRATOR.—The supplemental statement required to be made by the administrator after the settlement of his final account under section 1665 of the Code

[1] 1 Am. Rep. 316.

of Civil Procedure, and to be filed at the hearing of the pe-
tition for distribution, is not a final account which needs to
be filed, settled, and allowed before the filing of the petition
for distribution.

ID.—MISNUMBERING OF PROCEEDINGS BY CLERK.—There is but one estate
of a deceased person, and the mere fact that the clerk indorses
different numbers upon the petition for distribution, and upon
the statement of account and decree of distribution, is imma-
terial. They all belong to the settlement of one and the same
estate.

ID.—PENDENCY OF CONTEST UNDER SECTION 1664—PETITION FOR DISTRI-
BUTION—ABATEMENT—JURISDICTION.—The pendency of an undeter-
mined contest of heirship under section 1664 of the Code of
Civil Procedure does not deprive the court of jurisdiction to
determine the heirship upon a petition for final distribution of
the estate; and such pendency is not a proper ground for abate-
ment of such petition.

APPEAL from a decree of the Superior Court of San Luis
Obispo County distributing the estate of a deceased person. E.
P. Unangst, Judge.

The facts are stated in the opinion of the court.

Charles A. Palmer, and F. A. Dorn, for Appellants.

Lanham & McCall, and W. H. Spencer, for Respondent.

VAN DYKE, J.—This is an appeal by the contestants, claim-
ing to be heirs of said deceased, from an order and decree of
distribution distributing the whole of the residue of said estate
to respondent Mary T. Wall, and also from an order denying
the motion of said contestants for a new trial in said matter.

W. T. Sheid died intestate March 9, 1896, in San Luis Obispo
county, leaving an estate therein consisting of real and per-
sonal property. One Lacefield was appointed administrator of
said estate March 25, 1896, and on May 2, 1896, notice to cred-
itors was given. April 3, 1897, said administrator filed his final
account, which was thereafter on April 15, 1897, settled and al-
lowed. On April 5, 1897, respondent Mary T. Wall, claiming
to be the only child and sole heir at law of deceased, filed an
application for distribution of said estate. Appellants contested
her heirship and right to distribution, and on September 22,
1897, a decree was made and entered distributing said estate

to said petitioner Mary T. Wall. An appeal was taken from such decree of distribution, and this court held that, as the petition for distribution was filed before the settlement of the final account, and after the filing of said account, the judgment should be reversed and the petition dismissed, and it was so ordered. (*Estate of Sheid*, 122 Cal. 528.) While the case was pending on appeal in this court, and in April, 1898, said administrator Lacefield made and filed in the court below a supplemental account, which was thereafter and upon proper notice settled and allowed, and he thereupon resigned as such administrator; and the public administrator of said county, M. Lewin, upon proper application, was appointed administrator of said estate on March 11, 1898, in place of the former administrator, and received from said former administrator the property and effects of said estate, and receipted to him therefor. On the going down of the *remittitur* the former petition of said Mary T. Wall for distribution was dismissed in pursuance of the order of this court, and thereafter, on January 19th, another petition was filed on the part of said Mary T. Wall for distribution of the residue of said estate to her as the sole heir of said deceased. The findings recite that the said petition and the oppositions and contests of the contestants, and the issue raised by the pleadings, came on regularly to be heard and were tried by the court March 17, 1899, and on March 21, 1899, were argued; and thereupon the court made an order directing the administrator of said estate to report and file on or before March 31, 1899, a statement of all receipts and disbursements by him since the rendition of the last supplemental account of the administrator of said estate; and thereafter, upon April 1, 1899, the statement was reported and filed by said administrator pursuant to the order of said court, and was thereupon settled and allowed, and the decree of distribution to respondent Mary T. Wall made and entered.

The first point made by the appellants is that the court had no jurisdiction to entertain the petition or to determine who are the legal heirs of the deceased, or to enter an order of distribution, for the reason that the petition was presented before the final account was filed, or settled and allowed. What the appellants mean by the final account in this connection is the

statement furnished under the direction of the court at the hearing of the petition for distribution. And, further, it is contended that the court had no jurisdiction to settle and allow said account without notice having been given as required by section 1633 of the Code of Civil Procedure. Section 1665 of the same code, relating to the distribution of the estate, says that: "A statement of any receipts and disbursements of the executor or administrator, since the rendition of his final account, must be reported and filed at the time of making such distribution; and a settlement thereof, together with an estimate of the expenses of closing the estate, must be made by the court and included in the order or decree, or the court or judge may order notice of the settlement of such supplementary account, and refer the same as in other cases of settlement of the accounts." This statement of receipts and disbursements is clearly not the account referred to in section 1633, as claimed by appellant, nor the final account the settlement of which must precede the application for distribution. In this case the estate was in a condition for distribution at the settlement of the account, April 15, 1897, and it simply remained in the hands of the administrator awaiting the result of the appeal from the former decree of distribution. If all accounts or statements are required to be settled in advance of an application for distribution, it would in most cases result in preventing any distribution. Upon filing the petition for distribution contests to heirship may and frequently do arise, and months, and perhaps a year or more, may elapse before such contests are finally settled. In the meantime receipts and expenditures go on, a statement of which should be furnished to the court before distribution is made and the executor or administrator discharged. The code allows these statements, submitted after the decree of distribution is applied for, to be settled at the time the decree is made. without notice, or the court may order notice to be given, and refer the same for settlement. (*Firebaugh v. Burbank*, 121 Cal. 190.)

Upon filing the petition of the public administrator to be appointed in place of Lacefield, resigned, the clerk indorsed said petition in said estate as No. 835, whereas all the former proceedings in said estate had been under the number 743. The

last petition for distribution on the part of the respondent was filed in said estate under the number 743, whereas the statement of account submitted under direction of the court by the administrator and the decree of distribution were filed and made under No. 835, and the contestants, therefore, make the point that the petition is in one proceeding, and the settlement of account and decree of distribution in another. There is nothing in this contention. There is but one estate, and the mere fact that the clerk indorsed different papers with different numbers can make no difference. They all belong to the settlement of one and the same estate.

The contestants, upon the expiration of the year from the issuance of letters of administration in said estate, filed a petition in pursuance of section 1664 of the Code of Civil Procedure to determine heirship in their favor, which proceeding was pending, but not at issue, at the time of the order and decree of distribution appealed from. The pendency of this proceeding was set up by way of a plea in abatement, and it is contended on the part of the appellants that the court had no jurisdiction to hear and determine the petition for distribution while such proceedings were pending and undetermined. This contention is not tenable. The section in question itself states that nothing therein "shall be construed to exclude the right upon final distribution of any estate to contest the question of heirship, title, or interest in the estate so distributed, where the same shall not have been determined under the provisions of this section." (See, also, *In re Oxarart*, 78 Cal. 109; *Estate of Sheid, supra.*)

Appellants make objections to some of the rulings of the court at the hearing of the petition for distribution, but, having failed to discuss them in their brief, they will not be considered by the court.

The decree of distribution and order denying a new trial are affirmed.

Harrison, J., and Garoutte, J., concurred.