## IN RE FLEMING'S ESTATE. LOCKWOOD, APPELLANT, *v.* FLEMING, EXECUTRIX, RESPONDENT.

### (No. 2,562.)

(Submitted November 27, 1908.   Decided December 21, 1908.)

[98 Pac. 648.]

*Probate Proceedings—Estates—Partial Distribution—Questions not Determinable—Motions—Review.*

Estates—Partial Distribution—Questions not Determinable.
1.   *Held,* on appeal from an order sustaining objections to a petition for *partial* distribution of an estate, filed pursuant to the provisions of section 7669, Revised Codes, that the questions of heirship, amount of distributive share claimed, etc., cannot be determined in a proceeding brought under that section; this may only be done as provided by sections 7670-7672, Revised Codes, or upon *final* distribution of the estate.

Appeal—Motions.
2.   Where a motion is made upon several grounds, and the order granting it is general in its terms, the order will be sustained on appeal if it can be upon any of the grounds of the motion.

*Appeal from District Court, Powell County; Geo. B. Winston, Judge.*

IN THE MATTER of the estate of John Fleming, deceased. Petition by Ellen Agnes Lockwood against Johanna Fleming, executrix, for partial distribution of the estate. From an order sustaining objections to the petition, petitioner appeals. Affirmed.

*Mr. Edward Scharnikow,* and *Messrs. Walsh & Nolan,* for Appellant.

*Mr. S. P. Wilson,* and *Messrs. Rodgers & Rodgers,* for Respondent.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On February 12, 1908, Ellen Agnes Lockwood filed in the district court of Powell county an amended petition in which she

alleges that she is the daughter of John Fleming, who died testate in 1906; that her father at the time of his death owned property of the value of $8,900; that her father left a will which had theretofore been admitted to probate; that Johanna Fleming was designated in the will of John Fleming as executrix, and duly qualified as such; that notice to creditors had been duly given and an inventory of the property duly made and returned. It is then alleged that John Fleming left surviving him his wife, Johanna Fleming, and certain children, among them the petitioner; that in his will he omitted to make any provision for any of the children, and that it does not appear that such omission was intentional; that the petitioner is therefore entitled to a one-twelfth interest in the property; that the time for the presentation of claims against the estate has expired, and that the estate is only indebted to the extent of $412.62; and that the petitioner is ready, able and willing to execute to the executrix a good and sufficient bond or undertaking as security for the payment of her proportion of the debts of the estate. The prayer of the petition is that the petitioner have distributed to her her share of the estate after the payment of the debts and expenses of administration be made. To this amended petition is attached a copy of the will of John Fleming, by the terms of which all his property was bequeathed to his wife, Johanna Fleming, and in which there is not any mention of any children. To this amended petition the executrix filed written objections, specifying six separate grounds, No. 5 of which is as follows: ''That this petition is not the proper proceedings to be brought when there is any dispute as to the persons entitled to have said estate distributed to them, nor where the right of the petitioner is not clear, and that the petition shows that petitioner's right to have distribution to her is not clear.'' The court sustained the objections, and the petitioner has appealed from the order. A number of questions have been argued by counsel for the respective parties, but in our opinion objection No. 5 above presents the only question before this court.

The petition was filed pursuant to section 7669, Revised Codes. Under the circumstances, as disclosed by the petition, the court, in order to grant the petition, must have determined that Mrs. Lockwood was an heir of John Fleming, deceased; that she is entitled to a distributive share of his estate, and the precise amount of such share, in addition to the other findings required to be made by the section referred to above. The matter for our determination is: May a district court determine such questions in a proceeding for partial distribution commenced under that section?

In sections 7670, 7671 and 7672, Revised Codes, the legislature has provided a complete procedure for determining the rights of all persons to an estate and all interests therein, and to whom distribution thereof should be made; but in the concluding paragraph of section 7672 above it is said: ''Nothing in the last three sections shall be construed to exclude the right upon final distribution of any estate to contest the question of heirship, title or interest in the estate so distributed, where the same shall not have been determined under the provisions of sections 7670, 7671, and 7672, but where the questions shall have been litigated under the provisions of these sections, the determination thereof, as therein provided, shall be conclusive in the distribution of said estate.'' We find, then, that in addition to the complete mode provided in sections 7670, 7671 and 7672, the question of heirship and the interest of any heir may also be determined upon a proceeding for the *final* distribution of an estate. When the legislature had provided the ample procedure given in sections 7670, 7671 and 7672, and then, out of abundance of caution, had said that this procedure shall not be held to be exclusive of the right to have the question of heirship, title, or interest in an estate determined upon proceedings for final distribution, it must be held upon well-known rules of statutory construction to exclude every other procedure for determining such questions.

In support of their contention that such questions may be determined upon an application for partial distribution, under

section 7669 above, counsel for appellant cite *Oxarart's Estate,* 78 Cal. 109, 20 Pac. 367; *Sheid's Estate,* 129 Cal. 172, 61 Pac. 920, and *Jessup's Estate,* 81 Cal. 408, 21 Pac. 976, 6 L. R. A. 594. Neither the first nor the second case is in point, for in each the proceeding was upon a petition for final distribution, and such proceeding was specifically authorized by section 1664, California Code of Civil Procedure, which contains the same provision as our section 7672, quoted above. And so here, if Mrs. Lockwood's petition had been presented to the district court upon proceedings for final distribution, we would not hesitate a moment to say, as did the supreme court of California in the two cases cited, that she was entitled to have the questions determined under the direct authority of that portion of section 7672 quoted above; but this is not such a procedure, but is a proceeding for partial distribution under section 7669.

In legal effect, the facts presented in *Re Jessup's Estate* are parallel with those in the case now under consideration, and the supreme court of California held that upon a petition for partial distribution the questions presented here may be determined. The court disposed of the subject in a single paragraph, as follows: ''The position that the heirship of the petitioner must be established in the manner provided in section 1664 of the Code of Civil Procedure before he can maintain a proceeding for partial distribution, is not well taken. The proceeding provided for in the section referred to is not exclusive of the right to have the question determined at the hearing of the application for distribution. (*Estate of Oxarart,* 78 Cal. 109, 20 Pac. 367.)'' Now, when we remember that in the *Oxarart Case* the court did not decide any such question at all, but did decide an entirely different question conformably with direct statutory authority, and that no such authority whatever is given by the California Code to determine such a question upon a petition for partial distribution, we are driven to the conclusion that in deciding the *Jessup Case* the court did not take into consideration the difference between that case and the *Oxarart Case*—did not dif-

ferentiate between a proceeding directly authorized by law and one for which no statutory authority can be found.

In our opinion the decision in the *Jessup Case* cannot be sustained upon reason or authority, but is directly contrary to the meaning which must be given to our sections 7670, 7671 and 7672, which is that the procedure therein provided and the procedure upon final distribution are exclusive. When the statute says in unmistakable terms that these questions are to be determined in proceedings instituted under sections 7670, 7671 and 7672, or in proceedings upon final distribution, it clearly implies that such questions cannot be determined in any other proceedings. Upon rehearing the California court (81 Cal. 408, 22 Pac. 742, 6 L. R. A. 594) reversed its former decision in the *Jessup Case*, though upon another question, and in this latter decision there is not any mention of the matter quoted above.

In our opinion, the language of the statute (section 7669 above), to the effect that "any heir, devisee, or legatee may present his or her petition to the court or judge for the distribution of the net proceeds of the share of the said estate to which he or she will be entitled," is susceptible of but one meaning, viz., that any heir, devisee, or legatee shown by the record to be such, and concerning whose right to inherit there is not any question raised, may ask for distribution to him of the share of the estate which the record shows he is entitled to receive, and about which there is not any controversy.

This court has repeatedly declared that where a motion is made upon several grounds, and the order sustaining it is general in terms, such as the one now under consideration, the order will be sustained if it can be upon any of the grounds of the motion. Without considering the other grounds of the motion, the district court was correct in sustaining the motion on the ground specified as No. 5 above, and the order will be affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.