BOWLIN LIQUOR CO., APPELLANT, *v.* FAUVER, RESPONDENT.

(No. 2,990.)

(Submitted June 12, 1911.  Decided June 22, 1911.)|

[117 Pac. 103.]

*Execution—Proceedings  Supplementary—Appeal  and  Error— Review.*

Execution—Supplementary Proceedings—Scope of Relief.
 1.  The property of a corporation could not be taken as the property of defendant in proceedings supplemental to execution, to which the corporation was not a party.
Same—Proceedings Supplementary to Execution—Motion.
 2.  A motion, in proceedings supplementary to execution, that personal property in the possession of a corporation and real property in the name of defendant's wife be declared the property of defendant and subject to execution was properly denied, where the personalty in possession of the corporation was not subject to the execution; the court being under no duty to separate the two parts of the motion, and to refuse one and grant the other.
Appeal and Error—Review—Parties Entitled to Allege Error.
 3.  In proceedings supplemental to execution, plaintiff was not aggrieved by an order, made at his request, authorizing him to bring suit against the defendant, and others to recover property in the possession of the latter.

*Appeal from District Court, Park County; Frank Henry, Judge.*

ACTION by the P. J. Bowlin Liquor Company against George F. Fauver. From an order in proceedings supplemental to execution, the plaintiff appeals.  Affirmed.

*Mr. Frank Arnold,* for Appellant, submitted a brief and argued the cause orally.

The supreme court of the state of Washington in *Sackman* v. *Thomas,* 24 Wash. 660, 64 Pac. 819, has construed a statute identical almost, word for word, with our own section 7982, Revised Codes, and it is there held: "that the testimony of a married woman that property in controversy was purchased in part by money given her by her husband was not inadmissible as a communication between the husband and wife, since the statute refers only to confidential communications induced by the marital relation, and not in regard to business transactions." (See, also, *In re Van Alstine's Estate,* 26 Utah, 193, 72 Pac. 942.) The supreme court of Iowa has also construed a statute very similar to our own, and it held that the Iowa Code providing that "Neither husband nor wife can be examined in any manner as to any communication made by one to the other while married, etc.," was intended to protect only "marital communications." (*Sexton* v. *Sexton,* 129 Iowa, 487, 105 N. W. 314, 2 L. R. A., n. s., 708.) To the same effect, see *Parkhurst* v. *Berdell,* 110 N. Y. 386, 6 Am. St. Rep. 384, 18 N. E. 123. In Michigan it is held that "when the title to the separate property of either is in litigation between husband and wife, the statute removes the common-law disability and permits either to testify to facts which lie at the foundation of the ownership of the property as fully as if the marriage relation did not exist." (*Hunt* v. *Eaton,* 55 Mich. 362, 21 N. W. 429.) "The transfer of a claim is not a communication within the meaning of the statute." (*Hanks* v. *Garder,* 59 Iowa, 179, 13 N. W. 103; *Ward* v. *Oliver,* 129 Mich. 300, 88 N. W. 631; *O'Brien's Petition,* 24 Wis. 547; *Spitz's Appeal,* 56 Conn. 184, 7 Am. St. Rep. 303, 14 Atl. 776; *Beyerline* v. *State,* 147 Ind. 125, 45 N. E. 773.)

We submit that under the great weight of the modern decisions and the freedom with which the laws of the state of Montana permit married women to contract, sue and be sued, it would be an injustice to hold that in matters of business a married woman could not be called upon to testify as to communications, not confidential, had with her husband.

*Mr. Fred L. Gibson* submitted a brief in behalf of Respondent, and argued the cause orally.

Section 7892, Revised Codes, is clear, and without ambiguity. It first prohibits a wife from testifying for or against her husband without his consent, and, second, it prohibits either husband or wife, during the marriage or afterward, from testifying as to any communication made by one to the other during the marriage. The first portion of the section refers to the incapacity of the husband or wife as a witness for or against each other, without the consent of the other; it relates not to the character or kind of testimony sought, but it absolutely prohibits them from testifying at all. The latter portion of the section refers to the character of testimony that may be given provided consent to the examination of the wife or husband as a witness is given by the other spouse. This section is the same as the California statute on the subject, and the courts of that state have several times construed the statute. *Emmons* v. *Barton*, 109 Cal. 662, 42 Pac. 303, holds that in an action against a wife to set aside a fraudulent conveyance she cannot be compelled to testify as to what decedent told her at the time of the conveyance as to his purpose in making it. The common-law rule did not extend to communications which were not in their nature confidential, but this section extends privilege to any communication. (*People* v. *Mullings*, 83 Cal. 138, 17 Am. St. Rep. 223, 23 Pac. 229.) The California court holds that a wife cannot be examined for or against her husband without his consent, although he is insane and incapable of giving consent. (*Falk* v. *Wittram*, 120 Cal. 479, 65 Am. St. Rep. 184, 52 Pac. 707.) Idaho has a statute like ours in respect to husband and wife testifying for or against each other, and the court of that state passed on it in *Shields* v. *Ruddy*, 3 Idaho, 148, 28 Pac. 405, and held that the wife cannot testify against her husband without his consent.

The California authorities hold that it is not necessary to make the specific objection to the wife testifying (as was done in the case at bar), but that the relation of husband and wife having been shown, the law absolutely prohibits the examination of the

wife, and an objection that the testimony is incompetent, irrelevant and immaterial is sufficient. (*Humphrey* v. *Pope,* 1 Cal. App. 374, 82 Pac. 223.) Where the wife of the plaintiff was called as a witness and allowed to testify against her husband, over his objection, it was ground for reversal under this section. (*Fitzgerald* v. *Livermore* (Cal.), 13 Pac. 167.)

MR. JUSTICE SMITH delivered the opinion of the court.

On September 9, 1910, the plaintiff recovered a judgment against the defendant in Park county for the sum of $239.76; execution was issued and returned unsatisfied, whereupon the plaintiff, through its attorney, moved the district court, on affidavit, for an order requiring the defendant to appear and answer concerning his property. He appeared in response to the order of the court and was examined. The record discloses the fact that several other witnesses were also examined. Mrs. Fauver, the defendant's wife, was sworn, but he objected to her examination on account of the fact that she was his wife. The court sustained the objection, and plaintiff saved an exception to the ruling. The court appears to have been of opinion at the close of the testimony that there was cause to believe that the Fauver Liquor Company was in possession of certain personal property which had been transferred to it by the defendant in fraud of his creditors, and that Mrs. Fauver held title to certain lots in the city of Livingston which had been conveyed to her by her husband without consideration. The record discloses that the Fauver Liquor Company is a corporation, the capital stock of which is held by various persons, among whom are some of those who were examined in this proceeding.

At the close of the testimony, the following proceedings took place:

"Mr. Arnold: Now, at this time I ask the court to order that the stock of merchandise and fixtures in the possession of the Fauver Liquor Company be subjected to execution against the defendant, George W. Fauver, on the theory that the property is the property of George W. Fauver.

"Judge Henry: Mr. Arnold, I cannot try property rights in this summary way.

"Mr. Arnold: The P. J. Bowlin Liquor Company now moves the court for an order that the personal property in the possession of the Fauver Liquor Company and real property shown to be standing in the name of S. E. Fauver be declared the property of George W. Fauver and subject to execution on the judgment in this case, and that execution issue against said property for the satisfaction of the judgment in this case, together with costs.

"Judge Henry: Let the record show the motion is denied. (To the overruling of which said motion the plaintiff duly excepted.)

"Mr. Arnold: Now, then, I ask the court for an order, in view of the overruling of the other motion, for an order granting the P. J. Bowlin Liquor Company permission to commence an action against S. E. Fauver and the Fauver Liquor Company, for the purpose of subjecting the property in their hands, or in the hands of either of them, to execution on judgment in the case at issue.

"Judge Henry: I will make the order to save time, although I will say now that I do not think it necessary. I will sign the order as to-day."

The second order is as follows: "It is ordered that the above-named plaintiff is hereby authorized, if it may be so advised, to commence suit against the Fauver Liquor Company, Sarah E. Fauver, and George Earl Fauver, or either of them, and any other person or persons, for the purpose of recovering from said persons, or either of them, any and all property belonging to or owned by defendant necessary to satisfy the judgment of the above-named plaintiff herein, together with all costs, or to set aside any and all transfers of property, real or personal, made by the defendant herein in fraud of his creditors, and do all things that may be necessary to satisfy the judgment of plaintiff herein." Plaintiff has appealed from the second order, and also from the order of the court denying his first motion.

1. The court correctly held that the property in the possession **[1]** of the Fauver Liquor Company could not be taken from

it in proceedings supplemental to execution, to which it was not a party.  No exception was taken to the ruling of the court on this point.  The second motion also included the same request, coupled with an additional prayer that the real property standing in the name of Mrs. Fauver be declared the property of her [2] husband.  No duty devolved upon the court to separate the two parts of this motion, to refuse one and grant the other. It might rule on the motion as made, and if as a whole it should not have been granted, the ruling will stand.  (*Yoder* v. *Reynolds*, 28 Mont. 183, 72 Pac. 417; *Farleigh* v. *Kelley*, 28 Mont. 421, 72 Pac. 756, 63 L. R. A. 319; *Bair* v. *Struck*, 29 Mont. 45, 74 Pac. 69, 63 L. R. A. 481; *Dorais* v. *Doll*, 33 Mont. 314, 83 Pac. 884; *Parnell* v. *Davenport*, 36 Mont. 571, 93 Pac. 939; *In re Fleming's Estate*, 38 Mont. 57, 98 Pac. 648; *Frederick* v. *Hale*, 42 Mont. 153, 112 Pac. 70; 28 Cyc. 17.)

2.  Plaintiff was not aggrieved by the second order, made at its [3] request.  (*Chicago etc. Ry. Co.* v. *White*, 36 Mont. 437, 93 Pac. 350.)

Both orders are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.

