[L. A. No. 5864.  In Bank.—July 1, 1919.]

In the Matter of the Estate of ELIZABETH B. ROSS, Deceased. MAGGIE G. STEINBERGER, Appellant, v. MARY E. ROSS, Respondent.

[1] ESTATES OF DECEASED PERSONS—DISTRIBUTION—FILING OF PETITION—GIVING OF NOTICE—JURISDICTION.—An administrator is authorized to file with his final account his petition for the final distribution of the estate among the persons entitled to succeed thereto, and the filing of the petition and the giving of the notice prescribed by law confers upon the court jurisdiction in the proceeding thus initiated to proceed with the matter of such distribution immediately upon settlement by it of the final account.

[2] ID.—INITIATION OF PROCEEDING—RIGHT OF ADMINISTRATOR.—It is entirely immaterial in this connection that the administrator has no legal interest in any dispute that may arise between claimants on distribution as to how the estate shall be distributed, since the statute expressly authorizes the administrator to so initiate the proceeding.

[3] ID.—EFFECT OF GIVING OF NOTICE.—By the notice required by the law upon such a filing being given the entire world is called before the court, and the court acquires jurisdiction over all persons for the purpose of determining their rights to any portion of the estate; and every person who may assert any right or interest therein is required to present his claim to the court for its determination.

[4] ID.—PROMPTNESS IN PROCEEDING.—The law contemplates that this proceeding thus properly instituted shall be carried on to decree of distribution as speedily as is reasonably practicable with due regard to the interests of all concerned, and any interested party appearing is entitled to have it so carried on, and such a party may justly complain of the absolute termination of such a proceeding by an order denying the petition, whether with or without prejudice to a future application, if no proper ground for such denial is made to appear.

[5] ID.—PENDENCY OF PROCEEDING TO DETERMINE HEIRSHIP—INSUFFICIENT GROUND FOR DENYING PETITION FOR DISTRIBUTION.—The institution and pendency of the special proceeding authorized by section 1664 of the Code of Civil Procedure, in the nature of an action to determine heirship, does not require or authorize a denial of a pending proceeding for distribution.

[6] ID.—SUCCESSION—HEIRSHIP.—Under no circumstances does the "surviving widow" of a deceased brother of a deceased husband of a deceased take directly from such deceased under subdivision 8 of section 1386 of the Civil Code.

APPEAL from an order of the Superior Court of Los Angeles County denying a petition for the final distribution of an estate of a deceased person. James C. Rives, Judge. Reversed.

The facts are stated in the opinion of the court.

J. H. Merriam, G. Harold Janeway and Hunsaker, Britt & Edwards for Appellant.

Louis P. Boardman, Philip C. Boardman and Kemp & Clewett for Respondent.

ANGELLOTTI, C. J.—This is an appeal by one Maggie G. Steinberger from an order made in proceedings for the final distribution of the estate of deceased, denying appellant's motion for a dismissal of the petition filed therein by one Mary E. Ross, praying that the court proceed in accord with the provisions of section 1664 of the Code of Civil Procedure, to determine who were entitled to succeed to the estate, and denying the application for final distribution presented by the administrator.

On May 9, 1917, this court affirmed the judgment in favor of plaintiff in the action of said Maggie G. Steinberger against said administrator, one Scanlan, and various persons found to be the only heirs of deceased, decreeing that subject to the debts, charges, and expenses of administration of said estate, said Maggie G. Steinberger was entitled to all the property of the estate by virtue of a contract between herself and her stepfather and deceased, under which she was to be the sole heir of deceased. (See *Steinberger* v. *Young,* 175 Cal. 81, [165 Pac. 432].) After the affirmance of this judgment, viz., on June 23, 1917, the administrator presented his final account, together with his petition for final distribution of the estate, as is authorized by the law. (Code Civ. Proc., secs. 1634, 1665; *Estate of Sheid,* 122 Cal. 528, 531, [55 Pac. 328].) The estate proceeding had then been pending for over seven years, and the estate was in condition for final settlement and distribution. By the petition distribution was sought in favor of said Maggie G. Steinberger, according to the judgment in *Steinberger* v. *Young, supra,* all of the next of kin of deceased, alleged to constitute her only heirs, having been parties de-

fendant in that action and their rights as heirs at law being barred by the judgment therein. Notice of the time fixed for settlement of the account and hearing of the petition for distribution was duly given. When the matter came on for hearing, the only appearance in opposition was that of Maggie G. Steinberger, who, claiming to be entitled to all of the distributable assets, as alleged by the administrator, objected to various items of his account. The matter was heard by the court, evidence being received both as to the account and as to the petition for distribution, the evidence on distribution being to the effect that the only heirs at law were the next of kin of deceased who were parties defendant in *Steinberger* v. *Young, supra*. On February 18, 1918, the court made an order settling the final account, allowing certain credits which had been objected to by Maggie Steinberger.

Two days later, February 20, 1918, one Scanlan appeared, opposing distribution pending payment to him of a claim of eight thousand dollars, alleged to be due under a compromise with the administrator, approved by the probate court, and seeking payment of this claim. A hearing was had on this and on March 15, 1918, an order was made overruling Scanlan's opposition and denying his petition. On the same day Maggie Steinberger appealed from the portions of the order of settlement of the account disallowing her objections to certain specified items thereof. The hearing on the petition for distribution having been regularly continued from time to time and finally to March 16, 1918, and there being apparently no further bar to final distribution to Maggie Steinberger, except possibly her own appeal from portions of the order settling the administrator's final account, a new claimant made her first appearance on the field of action, viz.: Mary E. Ross, the surviving widow of one Albert E. Ross, deceased, who was alleged to have been a brother of R. E. Ross, the deceased husband of deceased, and to have survived such deceased husband of deceased. On March 16, 1918, more than eight years after the institution of the proceeding for the settlement of the estate of deceased, and nearly nine months after the filing of the final account and petition for distribution, and after the hearing on such settlement and petition for distribution was practically completed, she appeared at the hearing on distribution and opposing distribution to Maggie G. Steinberger, instituted the proceeding provided for by section 1664 of the

Code of Civil Procedure, by filing a petition praying the court to ascertain and declare in the manner provided by that section the rights of all persons to the estate and all interests therein, and to whom distribution should be made. The theory of her claim to heirship was substantially that all of the property of deceased was the same property, "or the proceeds or avails thereof" which she, the deceased, had received under a decree of final distribution made in the year 1885 in the matter of the estate of her deceased husband, R. E. Ross; that all property received by her under such decree was separate property of said R. E. Ross at the time of his death; that deceased having died intestate, leaving no issue, the property of deceased should go to next of kin of her deceased husband, R. E. Ross, who also left no issue, as provided in subdivision 8 of section 1386 of the Civil Code; that claimant Mary E. Ross, the surviving wife of Albert E. Ross, who was a surviving brother of R. E. Ross, and various other unnamed persons who were heirs at law of R. E. Ross, none of whom has appeared herein, were entitled to share in this estate as heirs, by virtue of the provisions of subdivision 8 of section 1386. Neither said Mary E. Ross nor any of the next of kin of the deceased husband of deceased, R. E. Ross, if any there were surviving, were parties to the action of *Steinberger* v. *Young,* and it is conceded that their rights, if any they had, were not concluded by the judgment in such action.

Upon the filing of this petition, the hearing on final distribution was continued to April 2, 1918, at which time Maggie G. Steinberger made a motion for an order dismissing the petition of Mary E. Ross, or such other order as might be proper, on the ground substantially that the estate was then in condition for distribution and would be unreasonably and unnecessarily delayed if deferred pending the proceeding provided by section 1664 of the Code of Civil Procedure, and that the question of the heirship of Mary E. Ross and all other persons should be heard and determined on the hearing on the pending petition for distribution. The court having heard the motion, made an order on May 24, 1918, denying the motion to dismiss the petition of Mary E. Ross, and also denying the petition for final distribution, without prejudice, however, to the rights of Maggie G. Steinberger. This is the order appealed from by the latter. At the same time the court made an order on the petition of Mary E. Ross directing

the notice required by section 1664 of the Code of Civil Procedure. In the meantime, viz., on May 3, 1918, Robert E. R. Scanlan had taken an appeal from the order denying his claim. This is the appeal entitled *Estate of Ross, post,* p. 651, [182 Pac. 752], the order appealed from being affirmed. It may also be noted that the appeal of Maggie G. Steinberger from parts of the order settling the account was decided December 5, 1918 (*Estate of Ross,* 179 Cal. 359, [182 Pac. 303]), and that all questions in regard to such account are now finally settled.

[1] In view of our statutes and the decisions of this court thereunder, it is clear that the administrator was authorized to file *with* his final account, his petition for the final distribution of the estate among the persons entitled to succeed thereto, and that the filing of this petition and the giving of the notice prescribed by law conferred upon the court jurisdiction in the proceeding thus initiated to proceed with the matter of such distribution immediately upon settlement by it of the final account. (Code Civ. Proc., secs. 1634; 1665; *Estate of Sheid,* 122 Cal. 528, 531, [55 Pac. 328] ; *William Hill Co.* v. *Lawler,* 116 Cal. 359, 361, [48 Pac. 323] ; *Smith* v. *Westerfield,* 88 Cal. 374, 379, [26 Pac. 206].) [2] It is entirely immaterial in this connection that the administrator has no legal interest in any dispute that may arise between claimants on distribution as to how the estate shall be distributed. The statute expressly authorizes the administrator to so initiate the proceeding, the purpose perhaps being, as was suggested in *Estate of Sheid, supra,* "to enable the administrator to hasten the closing of the estate and to make one notice and one hearing serve both purposes." [3] By the notice required by the law upon such a filing being given, as was said in *William Hill Co.* v. *Lawler, supra,* "the entire world is called before the court, and the court acquires jurisdiction over all persons for the purpose of determining their rights to any portion of the estate; and every person who may assert any right or interest therein is required to present his claim to the court for its determination." [4] The law contemplates that this proceeding thus properly instituted shall be carried on to decree of distribution as speedily as is reasonably practicable with due regard to the interests of all concerned, and any interested party appearing is entitled to have it so carried on. Certainly such a party may justly complain of the absolute

termination of such a proceeding by an order denying the petition, whether with or without prejudice to a future application, if no proper ground for such denial is made to appear. We need not discuss here the question whether, in view of the pending appeals,- the one taken by Maggie G. Steinberger from parts of the order settling the administrator's final account, which parts allowed certain credits to the administrator objected to by her, and the other taken by Scanlan, to which we have heretofore referred, the trial court might properly, in the exercise of its discretion, have continued the hearing in the proceeding for distribution pending the determination of said appeals. The trial court did not do this, but absolutely terminated the distribution proceeding by denying it, and the question suggested is no longer of practical importance in the matter of this estate. It is clear that the mere fact of the pendency of these appeals afforded no warrant for the order *denying* the petition for distribution.

Doubtless but for the petition filed by Mary E. Ross, the trial court would have proceeded with the matter of distribution. The record seems to indicate that the learned trial judge was of the view that the institution and pendency of the special proceeding given by section 1664 of the Code of Civil Procedure, a proceeding in the nature of an action to determine heirship, either required or authorized a *denial* of the pending proceeding for distribution. [5] We think it clear that it could not have such effect. The nature and effect of the proceeding authorized by this section, a special proceeding which may be instituted by "any person claiming to be heir to the deceased, or entitled to distribution in whole or in any part of such estate," for the purpose, as said in *Whalen* v. *Smith,* 163 Cal. 364, [Ann. Cas. 1913E, 1319, 125 Pac. 905], "of ascertaining and determining, in advance of distribution, the persons who have succeeded to the estate," are sufficiently shown by the section itself, and the decisions of this court thereunder make extended discussion unnecessary. The section itself provides: "Nothing in this section contained shall be construed to exclude the right upon final distribution of any estate to contest the question of heirship, title, or interest in the estate so distributed, where the same shall not have been determined under the provisions of this section; but where such question shall have been litigated, under the provisions of this section, the determination thereof as herein provided

shall be conclusive in the distribution of said estate." In
*Estate of Sheid,* 129 Cal. 172, [61 Pac. 920], the pendency of
such a proceeding instituted prior to the filing of the petition
for distribution was set up by way of a plea in abatement in
the distribution proceeding, and it was held, quoting the por-
tion of section 1664 of the Code of Civil Procedure above set
forth, that the plea was not good. In *Estate of Sheid,* 122
Cal. 532, [55 Pac. 328], it was substantially held, referring to
*In re Oxarart,* 78 Cal. 109, [20 Pac. 367], that notwithstanding
the pendency of a proceeding under section 1664 of the Code
of Civil Procedure, all questions of heirship and title to the
estate can be properly determined in a distribution proceed-
ing regularly initiated. In the Oxarart case just cited, a pro-
ceeding under section 1664 of the Code of Civil Procedure was
instituted by a claimant, and thereafter the executor of the
will filed his final account, together with a petition for final
distribution. The petition for distribution having come on
for hearing, the claimant sought a *continuance* thereof pend-
ing the determination of her proceeding under section 1664
of the Code of Civil Procedure, insisting that the court could
not properly proceed with such hearing in the face of the
pendency of her proceeding. The trial court's action in deny-
ing a continuance was approved by this court. It was sub-
stantially said that it was clear that the court had the power
to proceed with the distribution proceeding, notwithstanding
the pending proceeding under section 1664, and that it was
plain that the question of heirship involved "might as well
have been heard and determined on the hearing of the petition
for distribution." The court plainly said that where the
circumstances are such that the questions involved may as
readily be determined on a pending proceeding for distribu-
tion, there is no good reason for even *postponing* the hearing
and determination of the distribution proceeding merely be-
cause a proceeding under section 1664 has been initiated.
Assuming that by reason of special circumstances a trial court
might be justified in the exercise of a wise discretion in post-
poning the hearing on distribution, this court said: "In our
judgment, the court very properly exercised its discretion in
refusing to postpone the cause. If resort is to be had to the
provisions of section 1664 to delay the settlement and dis-
tribution of estates, it had better never been passed. We
have no doubt that the object of its enactment was to expedite

such distribution by enabling persons claiming interests in estates to have their claims determined in advance of the application for distribution, . . . The determination of the proceedings initiated by the appellant . . . under section 1664 would have involved much delay, and would have deprived the devisee of the estate of his right on the showing made of having the question determined then and there on the application for distribution made by him.''

In view of the expressions of this court referred to it seems clear not only that the lower court erred in absolutely terminating the pending proceeding for distribution by its denial of the petition for distribution duly presented by the administrator, but also that there was nothing shown in connection with the attempted proceeding under section 1664 that would have warranted a continuance of the hearing of the distribution proceeding pending the determination of the proceeding under that section. Clearly, the claim thereby made was one that could as well be determined in the latter proceeding as in a proceeding under section 1664. No showing whatever was made of inability to at once produce the testimony desired in support thereof. It is worthy of note that the petition filed by Mary E. Ross did not in its allegations of specific facts show any right in her to share in the estate of deceased, even upon the theory upon which she claimed such right. [6] Under no circumstances does the ''surviving widow'' of a deceased brother of a deceased husband of a deceased take directly from such deceased under subdivision 8 of section 1386. The subdivision specified to whom the property shall go in the event therein stated, and such a surviving widow is not among those enumerated. She could only take through her dead husband, the brother of the deceased husband, or one or more of his descendants, and then only in the event that such husband or descendant survived deceased Elizabeth B. Ross, for of course descent is cast under subdivision 8 of section 1386 as of the date of death of the surviving spouse whose estate is being administered and whose heirs are being determined. If no relative of the deceased spouse specified in said subdivision 8 of section 1386 of the Civil Code survives the surviving spouse, there can be no succession under such subdivision. The petition of Mary E. Ross does not suggest that her husband or any descendant of her husband survived deceased Elizabeth B. Ross, who died more than twenty-five years after her own

husband's death.   Nor does it specify the relationship to R. E. Ross, the deceased husband of deceased, of any of the unnamed "heirs at law" of said R. E. Ross, alleged "to claim an interest in the estate" of deceased, none of whom has ever appeared in this proceeding.   We mention these facts solely to show the character of the petition interposed on the very eve of distribution, more than eight years after the institution of the proceeding for the settlement of the estate of deceased, nearly nine months after the filing of the petition for distribution and notice given thereon, and after the hearing on distribution was practically concluded.   We are satisfied that there was nothing shown in connection with the attempted proceeding under section 1664 that warranted either the denial of the petition for distribution or postponement of the hearing and determination thereof pending the determination of such attempted proceeding, and that in so far as the distribution proceeding was concerned, the utmost effect to be given to the petition filed by Mary E. Ross was to treat it as a claim to be determined in that proceeding.

The order appealed from is reversed, and the matter remanded for proceedings not inconsistent with the views herein expressed.

Lennon, J., Shaw, J.; Olney, J., Wilbur, J., Melvin, J., and Lawlor, J., concurred.