[Civ. No. 8131.   Third Dist.   May 29, 1953.]

Estate of JAMES KARBAN, Deceased. CHILDREN'S PLAYGROUND ASSOCIATION or TRUSTEES OF THE GRAMMAR SCHOOL OF THE TOWN OF VELKY OSEK, CZECHOSLOVAKIA, Appellant, v. JOHN KARBAN, Respondent.

Haas & Schwabe and Hubbard .& Etcheverry for Appellant.

Andrew F. Burke and Ivan N. Maroevich for Respondent.

VAN DYKE, P. J.—Decedent, James Karban, died in Oakland, California, on June 22, 1948, being at the time of his death a resident of Solano County. By will executed on December 18, 1946, he disposed of his entire estate to the "Childrens Playground Association or trustees, to be used in making and bettering the playground of the Grammar School in the Town of Velky Osek, Czechoslovakia." He declared it to be his intent to give all of his estate "to the Grammar School to be used on improvement of the Grammar School playground." On November 27, 1951, the administrator with the will annexed filed his final account and report and a petition for the final distribution of the estate. He alleged that the bequest made in the decedent's will was void under section 27 of the Probate Code; that decedent's next of kin were aliens residing in Czechoslovakia and that they were disqualified to inherit the decedent's estate by virtue of section 259 of the Probate Code in that the laws of Czechoslovakia did not accord a reciprocal right of inheritance to American citizens; that John Karban, respondent herein, was a naturalized American citizen and a resident of New York State; that he was the nearest relative of decedent who was not disqualified from inheriting and that he therefore was entitled to distribution of the estate. The Czechoslovakian Counsel General filed an opposition to the petition for final distribution, wherein he took the position the bequest made in the will was valid and that distribution should be made to the named legatee. The personal heirs resident in Czechoslovakia did not appear. A hearing was held on April 9, 1951, and on April 13th following the court decreed that: 1. The bequest in the decedent's will was void as alleged in the petition; 2. That the decedent died intestate; 3. That the next of kin were disqualified; and, 4. That John Karban (respondent herein) was the nearest relative who was qualified. The court therefore distributed the entire estate to John Karban. The Counsel General has appealed.

The record on appeal consists of the clerk's transcript of estate proceedings, a reporter's transcript, to be later discussed, and certain records certified to this court after petition granted to augment the record. The clerk's transcript

presents the petition for distribution, appellant's pleading thereto, the decree of distribution and the notice of appeal. Many other matters having to do generally with the probate of the estate are contained in the transcript but have no importance here. The reporter's transcript is concerned entirely with oral proceedings had in the probate court almost two years before the distribution proceedings occurred. It reflects certain proceedings on petition for partial distribution which never eventuated in a decree and which petition was abandoned. It had been brought by certain alleged heirs, resident in Czechoslovakia. Appellant contends that it was stipulated on the distribution hearing that the evidence of the prior hearing might be considered. No such stipulation appears in the record and it would not help appellant if it did for the reason that the reporter's transcript does not show that any evidence whatsoever was taken, testimonial or documentary. The entire transcript consists of arguments to the court, resulting finally in an order that the issues of law be briefed. The document contains nothing that is helpful here. Motion for augmentation was made by appellant, which resulted in a stipulation that three documents which had been lodged with the clerk of this court in connection with the appeal be returned to the probate court with directions of this court that the judge thereof who presided on the distribution proceedings cause to be prepared and executed a certificate which should correctly set forth all evidence, oral and documentary, introduced on the hearing on distribution and cause the certificate to be transmitted to this court, where it should constitute and be deemed to be a part of the record on this appeal. It was further stipulated that this court direct the clerk of the probate court to transmit all exhibits offered at or used on the hearing of the petition for final distribution as shown by the court's certificate above mentioned, the clerk's certificate to identify such exhibits as those so offered and used. It was also stipulated that when these documents should be so transmitted they, too, would constitute a part of the record on appeal herein. Pursuant to this stipulation there has been filed herein the probate court's certificate and the clerk of that court has certified and forwarded the required documents.

We think it unnecessary in the decision of this appeal to discuss appellant's contention that the trial court erred in holding that the testamentary legatee could not take property under the provisions of section 27 of the Probate Code,

which section designates who may take property by testamentary disposition. This is so because on the state of the record here, and assuming the bequest in its favor was otherwise valid, the appellant completely failed to bear the burden cast upon it by section 259 of the Probate Code to show that reciprocal rights of inheritance existed under the laws of Czechoslovakia.

Although section 259 of the Probate Code does not specifically apply to charitable gifts, nevertheless we think it clear that such gifts cannot be made to institutions in foreign countries in the absence of such reciprocal laws. The underlying purpose of the section was to prevent the property in decedents' estates, or the proceeds thereof, being sent into foreign countries whose laws did not give reciprocal rights of inheritance to our citizens. In the statement made by the California Legislature when it first passed the reciprocity statute it was declared that many foreign countries were at war, preparing for war, or under the control of conquering nations; that money left to citizens of California in such foreign countries was impounded there or used for war purposes; that money left by California decedents to relatives in those countries did not reach them, but was used by their governments; and that property and money of persons dying in this country should remain here and not be sent to foreign countries and be used in waging a war that eventually might be directed against the United States. While the foregoing declarations were made as explaining the passage of the act as an emergency measure, nevertheless therefrom and from the wording of the act it is, we think, clear that the purpose of the legislation was as we have hereinabove stated it, and that this purpose would be defeated in part unless those provisions of the section were construed as including charitable gifts.

At the time of the death of the decedent, James Karban, the code section had been amended to its present form. It has been held that the statute is not procedural, but is a part of the substantive law of succession. (*Estate of Giordano*, 85 Cal. App.2d 588 [193 P.2d 771].) The statute itself provides that "The burden shall be upon such nonresident aliens to establish the fact of existence of the reciprocal rights." This means that in the absence of evidence upon the subject of reciprocity a holding of the trial court adverse to the foreign claimant must be sustained. That is the situation

here. ■ The documentary evidence which we will consider as having been offered and received and which we have hereinabove referred to is entirely concerned with the facts that there is a school which was described in the decedent's will and which is conducted by the government of the Republic of Czechoslovakia in the town of Velky Osek in that country, that it has a playground that needs betterment and that certain persons occupy positions in respect to the school comparable to local school trustees under our own public school system, which persons herein claim the right to have and receive for the school the attempted testamentary gift of decedent. This was the only evidence that was offered by appellant and it does not touch upon the issue of reciprocity. Indeed, appellant asserts: ''No evidence concerning reciprocal rights of American and Czechoslovakian citizens to inherit was ever offered in this case, as an examination of the record will show.''

But appellant argues that the question of reciprocity was not in issue. In this appellant is mistaken. ■ The purpose of a petition for final distribution, which is a proceeding *in rem* within the probate proceedings in the matter of an estate of a decedent, is to call the world before the court and to obtain a decree, after a hearing, that will adjudge who takes the property which is ready for distribution. (*Estate of Ross,* 180 Cal. 643, 647 [182 P. 755].) ■ It is not for the personal representative of decedent, if he files the petition, to bear the burden of proving who are entitled to distribution, for he has no interest in that subject and cannot enter into or litigate any controversy arising between rival heirs or claimants for distributive shares of the estate. (*Roach* v. *Coffey,* 73 Cal. 281 [14 P. 840].) The personal representative is a ''mere officer of the court, holding the estate as a stakeholder, to be delivered to those whom the court shall decide to be entitled thereto.'' (*Estate of Healy,* 137 Cal. 474, 477 [70 P. 455].) When, therefore, the appellant appeared in the proceedings for distribution and asserted its claim and introduced no evidence on this vital matter as to its right to take, the findings of the trial court against the existence of that right must be sustained.

■ Complaint is made that the court made no findings as to want of reciprocity as to appellant. It is true that the court found such want as to the personal heirs and did not expressly direct that finding to appellant. But that is of no

moment. The finding of a want of reciprocity could not be one way as to personal heirs and another way as to appellant. It is of necessity a general finding applicable to all who fall within the scope of section 259 of the Probate Code.

The judgment is affirmed.

Peek, J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 22, 1953.