[L. A. No. 6604. In Bank.—February 3, 1921.]

In the Matter of the Estate of ELIZABETH B. ROSS, Deceased.

[1] ESTATES OF DECEASED PERSONS—REVERSAL OF ORDER DENYING DISTRIBUTION — NEW HEARING — RIGHTS OF CLAIMANTS.—The reversal on appeal of an order denying an administrator's petition for final distribution, without any direction as to the manner of distribution or that the same be determined on the issues theretofore made or the evidence theretofore received, has the effect of remanding the matter for hearing on such petition from the

beginning and regardless of the evidence that had been introduced on the former hearing, and, in the absence of any prohibition in the opinion, a claimant is not precluded by such reversal from appearing on the new hearing and setting up his claim for the first time.

[2] ID.—WRITTEN OBJECTIONS TO PETITION FOR DISTRIBUTION—TIME OF FILING—CONSTRUCTION OF CODE.—The provision of section 1668 of the Code of Civil Procedure that at the time fixed for the hearing of a petition for distribution or to which the hearing may be postponed any person interested in the estate may appear and contest the petition by filing written objections thereto is not to be construed as absolutely barring the right of a claimant to be heard on written objections if he fails to file the same prior to the actual commencement of a hearing on a petition for distribution, but as giving the trial court, in the exercise of a sound discretion, the right to refuse to allow the filing of such objections after the commencement and during the course of the actual hearing.

[3] ID.—HEARING AFTER REVERSAL OF ORDER DENYING DISTRIBUTION—RIGHT TO FILE OBJECTIONS.—Under section 1668 of the Code of Civil Procedure, persons claiming to be heirs or entitled to distribution have the right to appear and file written objections to the administrator's petition prior to the commencement of new hearing on the petition ordered by the supreme court on reversal of the order denying the petition, although they failed to file objections prior to the original hearing.

[4] ID.—DOCTRINE INAPPLICABLE TO DISTRIBUTION PROCEEDING.—The equitable doctrine of laches has no application to a contest on distribution as to heirship, since the claimants in such a proceeding occupy no relation one to the other as may fairly be held to impose upon one in favor of another any obligation of diligence in the matter of presenting his claim.

APPEAL from an order and decree of final distribution of the Superior Court of Los Angeles County. Grant Jackson, Judge. Reversed.

The facts are stated in the opinion of the court.

Louis P. Boardman, Philip C. Boardman and Kemp & Clewett for Appellants.

J. H. Merriam, Robert B. Murphey, Frank M. Gunter and Hunsaker, Britt & Cosgrove for Respondent.

ANGELLOTTI, C. J.—This is an appeal by a large number of claimants from an order and decree of final distribu-

tion. The petition of these claimants, who alleged a right of inheritance under subdivision 8 of section 1386 of the Civil Code, was stricken from the files by the superior court, and whether or not the court erred in doing this is the only question necessary to be considered on this appeal.

The material facts down to a certain point were stated in the opinion filed July 1, 1919, in *Estate of Ross* (L. A. No. 5864), 180 Cal. 643, [182 Pac. 755], as follows:

"On May 9, 1917, this court affirmed the judgment in favor of plaintiff in the action of said Maggie G. Steinberger against said administrator, one Scanlan, and various persons found to be the only heirs of deceased, decreeing that subject to the debts, charges, and expenses of administration of said property, said Maggie G. Steinberger was entitled to all the property of the estate by virtue of a contract between herself and her stepfather and deceased, under which she was to be the sole heir of deceased. (See *Steinberger* v. *Young*, 175 Cal. 81, [165 Pac. 432].) After the affirmance of this judgment, viz., on June 23, 1917, the administrator presented his final account, together with his petition for final distribution of the estate, as is authorized by the law. (Code Civ. Proc., secs. 1634 and 1665; *Estate of Sheid*, 122 Cal. 528, 531, [55 Pac. 328].) The estate proceeding had then been pending for over seven years, and the estate was in condition for final settlement and distribution. By the petition distribution was sought in favor of said Maggie G. Steinberger, according to the judgment in *Steinberger* v. *Young, supra,* all of the next of kin of deceased, alleged to constitute her only heirs, having been parties defendant in that action and their rights as heirs at law being barred by the judgment therein. Notice of the time fixed for settlement of the account and hearing of the petition for distribution was duly given. When the matter came on for hearing the only appearance in opposition was that of Maggie G. Steinberger, who, claiming to be entitled to all of the distributable assets, as alleged by the administrator, objected to various items of his account. The matter was heard by the court, evidence being received both as to the account and as to the petition for distribution, the evidence on distribution being to the effect that the only heirs at law were the next of kin of deceased who were parties defendant in *Steinberger* v. *Young, supra.* On February 18, 1918, the court

made an order settling the final account, allowing certain credits which had been objected to by Maggie Steinberger.

"Two days later, February 20, 1918, one Scanlan appeared, opposing distribution pending payment to him of a claim of eight thousand dollars, alleged to be due under a compromise with the administrator, approved by the probate court, and seeking payment of this claim. A hearing was had on this and on March 15, 1918, an order was made overruling Scanlan's opposition and denying his petition. On the same day Maggie Steinberger appealed from the portions of the order of settlement of the account disallowing her objections to certain specified items thereof. The hearing on the petition for distribution having been regularly continued from time to time and finally to March 16, 1918, and there being apparently no further bar to final distribution to Maggie Steinberger, except possibly her own appeal from portions of the order settling the administrator's final account, a new claimant made her first appearance on the field of action, viz., Mary E. Ross, the surviving widow of one Albert E. Ross, deceased, who was alleged to have been a brother of R. E. Ross, the deceased husband of deceased, and to have survived such deceased husband of deceased. On March 16, 1918, more than eight years after the institution of the proceeding for the settlement of the estate of deceased, and nearly nine months after the filing of the final account and petition for distribution, and after the hearing on such settlement and petition for distribution was practically completed, she appeared at the hearing on distribution, and opposing distribution to Maggie G. Steinberger, instituted the proceeding provided for by section 1664 of the Code of Civil Procedure, by filing a petition praying the court to ascertain and declare in the manner provided by that section the rights of all persons to the estate and all interests therein, and to whom distribution should be made. The theory of her claim to heirship was substantially that all of the property of deceased was the same property, 'or the proceeds or avails thereof' which she, the deceased, had received under a decree of final distribution made in the year 1885, in the matter of the estate of her deceased husband, R. E. Ross; that all property received by her under such decree was separate property of said R. E. Ross at the time of his death; that deceased having died intestate, leaving no issue,

the property of deceased should go to next of kin of her deceased husband, R. E. Ross, who also left no issue, as provided in subdivision 8 of section 1386 of the Civil Code; that claimant Mary E. Ross, the surviving wife of Albert E. Ross, who was a surviving brother of R. E. Ross, and various other unnamed persons, who were heirs at law of R. E. Ross, none of whom has appeared herein, were entitled to share in this estate as heirs, by virtue of the provisions of subdivision 8 of section 1386. Neither said Mary E. Ross nor any of the next of kin of the deceased husband of deceased, R. E. Ross, if any there were surviving, were parties to the action of *Steinberger* v. *Young,* and it is conceded that their rights, if any they had, were not concluded by the judgment in such action.

"Upon the filing of this petition the hearing on final distribution was continued to April 2, 1918, at which time Maggie G. Steinberger made a motion for an order dismissing the petition of Mary E. Ross, or such other order as might be proper, on the ground substantially that the estate was then in condition for distribution and would be unreasonably and unnecessarily delayed if deferred pending the proceeding provided by section 1664 of the Code of Civil Procedure, and that the question of the heirship of Mary E. Ross and all other persons should be heard and determined on the hearing on the pending petition for distribution. The court having heard the motion, made an order on May 24, 1918, denying the motion to dismiss the petition of Mary E. Ross, and also denying the petition for final distribution, without prejudice, however, to the rights of Maggie G. Steinberger. This is the order appealed from by the latter. At the same time the court made an order on the petition of Mary E. Ross directing the notice required by section 1664 of the Code of Civil Procedure. In the meantime, viz., on May 3, 1918, Robert E. R. Scanlan had taken an appeal from the order denying his claim. This is the appeal entitled 'In the Matter of the Estate of Elizabeth B. Ross, Deceased, L. A. No. 5758,' this day decided (180 Cal. 651, [182 Pac. 752]), the order appealed from being affirmed. It may also be noted that the appeal of Maggie G. Steinberger from parts of the order settling the account was decided December 5, 1918 (*Estate of Ross* (L. A. No. 5705), 179 Cal. 359, [182

Pac. 303], and that all questions in regard to such account are now finally settled.''

In that opinion it was further shown that the petition of Mary E. Ross stated no right of inheritance in her, under subdivision 8 of section 1386 of the Civil Code, she being simply the *widow* of a deceased brother of the deceased spouse of Elizabeth B. Ross, and therefore not within the terms of said subdivision 8 of section 1386 of the Civil Code. Nor was any sufficient showing made as to the rights of the unnamed claimants, who, she alleged, were also entitled to inherit under said subdivision.

Upon that appeal, the order was reversed and the cause remanded for proceedings not inconsistent with the views expressed in the opinion.

Immediately upon the going down of the *remittitur* on that appeal there was filed, without leave of court, a document styled, ''Answer and Objections to Petition of Milton K. Young, as Administrator for Decedent,'' on behalf of said Mary E. Ross, *not as widow* of Albert E. Ross, a deceased brother of the deceased spouse of Elizabeth B. Ross (her former position), but as assignee of two children of said deceased brother; and also on behalf of a brother of said R. E. Ross, the deceased spouse, and various children of deceased brothers and sisters of said R. E. Ross. These persons were alleged to be the heirs of the deceased Elizabeth B. Ross under subdivision 8 of section 1386 of the Civil Code, on the theory that all of her property was the separate property of her deceased spouse at the time of his death, and came to her from him under the decree of distribution in his estate. The allegation of facts in this behalf were as follows:

''That these contestants are informed and believe, and upon such information and belief, so state and represent to the court, that all the property, both real and personal, which comprised the estate of said R. E. Ross, deceased, and which was distributed under and by said decree of final distribution of his estate, as aforesaid, was his separate property, and that all the property, both real and personal, which was distributed to said Elizabeth B. Ross, deceased, as the surviving widow of said R. E. Ross, deceased, under said decree of final distribution of his estate, was likewise the separate property of said R. E. Ross, deceased, and that all

the property, both real and personal, which now comprises and is designated and described in said petition of said administrator as the estate of the above-named Elizabeth B. Ross, deceased, was and is the same property, or the proceeds or avails thereof, which was distributed to said Elizabeth B. Ross, deceased, as the surviving widow of said R. E. Ross, deceased, and received by her under and by said decree of final distribution of his estate.''

If the facts were as alleged herein, all of the property of the estate of Elizabeth B. Ross, deceased, was succeeded to under subdivision 8 of section 1386 of the Civil Code, by the surviving brother of said R. E. Ross and the descendants of his deceased brothers and sisters.

Motion was thereupon made in behalf of Maggie G. Steinberger that the document so filed be stricken from the files on the grounds that the same was not filed within the time prescribed by section 1668 of the Code of Civil Procedure, nor within the time allowed by law for the appearance of persons claiming to be heirs or entitled to distribution; that the document was filed more than twenty-four months after the time fixed for the hearing on the administrator's petition for distribution and more than fourteen months after the time to which hearing was last postponed and the hearing completed; that the document was filed without any leave of court; and that the filing and permitting the same to remain on file is not in conformity with, and is inconsistent with, the judgment of the supreme court, rendered on the appeal in *Estate of Ross* (L. A. No. 5864), *supra.* The motion was argued and submitted to the court upon the affidavit of one of the attorneys as to the prior proceedings in the matter, the records and files in the matter of the estate of deceased, and the decision of this court on the appeal in the matter of the estate. The motion was thereupon granted, and distribution ordered to Maggie G. Steinberger.

[1] We see no force in the claim that consideration of the objections to distribution to Maggie G. Steinberger filed on behalf of Mary E. Ross et al. would have been inconsistent with the judgment of this court rendered on the appeal in *Estate of Ross* (L. A. No. 5864), *supra,* or with the views expressed in the opinion filed in rendering such judgment. In that matter the lower court had denied the administrator's petition for distribution because of the initia-

tion by Mrs. Ross of the proceeding provided by section 1664 of the Code of Civil Procedure, for the determination of heirship, and was about to go ahead with the heirship proceeding. We held that under the circumstances the superior court should not have entertained the petition of Mrs. Ross *as one under section 1664 of the Code of Civil Procedure,* and that the utmost effect to be given to it was to treat it as a claim to be determined in the pending proceeding for distribution; and further, that the trial court erred in terminating the pending proceeding for distribution by denying the application of the administrator for distribution. We therefore reversed the order and remanded the matter for proceedings not inconsistent with our expression of views. There was no direction as to the manner of distribution or that the same must be determined on the issues theretofore made or the evidence theretofore received. The effect of this was to send the matter back *for hearing* on the administrator's petition for final distribution, which, naturally, would have to be from the very beginning and regardless of the evidence that had been introduced on the former hearing. That hearing had been concluded and an improper order made therein, which was reversed, and in substance and effect a new hearing ordered. The opinion contains nothing precluding any possible claimant on distribution from appearing on the new hearing and setting up his or her claims. Whether or not upon the record then before us we might properly have ordered the lower court to make distribution to Maggie G. Steinberger upon the evidence adduced on the former hearing, we did not do so.

[2] As to the claim that Mrs. Ross' objections and petition were not filed within the time prescribed by section 1668 of the Code of Civil Procedure, nor within the time allowed by law for the appearance of persons claiming to be heirs or entitled to distribution, the only provision of statute which can be claimed to bear on the matter of limiting the time for such appearance is one contained in section 1668 of the Code of Civil Procedure. That section, after providing that the decree of distribution may be made on the petition of the executor or administrator or any person interested in the estate, that when such a petition is filed the clerk must set the same for hearing and give notice by posting, and that on the hearing the judge may order fur-

ther notice to be given, provides: "At the time fixed for the hearing, or to which the hearing may be postponed, any person interested in the estate may appear and contest the petition by filing written objections thereto." This sentence was incorporated in the section by amendment in 1907, [Stats. 1907, p. 993], there being prior to this time no express statutory provision for written objections or the time of filing thereof, and it is claimed that thereby the time within which written objections to a petition for final distribution may be filed is definitely prescribed, and that unless presented within such time they must be ignored. It is further urged that the language used requires the filing to be before the actual commencement of the hearing. We are of the opinion that the provision is not to be construed as absolutely barring the right of a claimant to be heard on written objections if he fails to file the same prior to the actual commencement of a hearing on a petition for distribution. It is to be observed that there is no provision for the entry of a default of all not appearing, as in the proceeding under section 1664 of the Code of Civil Procedure to determine heirship, and no express provision which may fairly be construed as effectuating a forfeiture or barring of the claim of one whose claim has not been presented prior to the actual commencement of the hearing on such a petition. The plain object of the amendment was to provide a *statutory* method by which issues as to conflicting claims of right on distribution might be made, and, of course, in the nature of things the issues should be made prior to the actual commencement of the hearing. But there is nothing in the statute to preclude the trial court from allowing such objections to be filed at any time during the course of the hearing when it is made to appear that the proper protection of the rights of apparently *bona fide* claimants so demand. It seems to us that the utmost effect that can be given to the provision in line with respondent's contention is that the trial court may, *in the exercise of a sound discretion,* refuse to allow the filing of such objection, or the remaining of the same on file, when attempted to be filed *after* the commencement and during the course of the actual hearing. What would constitute an abuse of this discretion we are not called upon here to consider, for we think the objections were filed within the time prescribed by the statute, i. e., prior to the time to which

"the hearing" was postponed.   **[3]**   Satisfied as we are
that the provision as to time was simply in the interest of
an orderly procedure to enable the issues to be tried on the
hearing to be clearly defined *when the hearing commences,*
and not in the nature of a statute of limitations, the fact
that there was a partial hearing on the administrator's peti-
tion before the objections were filed is immaterial under the
circumstances of this case.   That hearing was ineffective for
any purpose, in so far as distribution was concerned, the
trial court concluding that in view of the initiation of a
proceeding to determine heirship under section 1664 of the
Code of Civil Procedure the distribution proceeding could
not be further heard, and therefore denying the administra-
tor's petition and terminating the proceeding.   If this order
had been affirmed, undoubtedly the statute could not be held
to bar these claimants from appearing upon any subsequent
petition for distribution that might be filed.   The effect of
our reversal of this action of the trial court was to require
a *new* hearing to be had upon that petition, just as though
no hearing had been had, and prior to the commencement
of such hearing the objections were filed.   In the meantime
the hearing upon the administrator's petition had been as
effectually postponed as it would have been under an express
order of postponement.   We are satisfied that in so far as the
statutory provision invoked is concerned, a reasonable con-
struction requires us to hold that the objections filed prior
to the commencement of the hearing ordered by this court
were filed in time.

From what we have said it follows that the objection that
the objections were filed without leave of court is without
force.   No such permission was essential.

**[4]**   In the formal decree of distribution made after the
making of the order striking out the answer and objections
the lower court in its recitals stated that "said answer and
objections was not filed within the time allowed by law, *and
that said contestants are guilty of laches in failing so to do,*"
although laches was not one of the grounds upon which the
motion to strike was based.   It is urged that we have here
a finding of laches on the part of the appellants in present-
ing their claim, and that this finding is sufficiently sustained
by the proofs and sufficiently justifies the action of the court
in refusing to give them a hearing.   As we have noted, this

recital was inserted in the formal decree after the order granting the motions to strike had been made. The laches found is declared to be in failing to file the answer and objections *"within the time allowed by law."* Certainly no other laches was found by the trial court, and in view of our conclusion that they were filed within the time allowed by law, the finding of laches furnishes no support to the decree of distribution.

But regardless of this, we see no foundation in the facts for a conclusion that appellants were guilty of laches in presenting their claims for adjudication. As we have seen, the answer and objections were filed by appellants within the time allowed by law, and alleged matters which, if true, made them the successors of the deceased as to all the property at the moment of the death of the deceased. It is conceded that they are not bound by the decree in the action brought by Maggie G. Steinberger against the administrator and the relatives of deceased under which she claims to be entitled to have distributed to her all the property of the estate. If their allegations be true, they are the sole "heirs" of deceased, in view of the provisions of subdivision 8 of section 1386 of the Civil Code. On the other hand, respondent claims to be entitled to have all the property distributed to her on the theory that the next of kin of deceased against whom she recovered judgment in her action in equity constituted all of the legal heirs of deceased and succeeded to the property at her death. We thus have a contest on distribution as to who are the heirs of deceased with relation to the property left by her under our statutes of succession, and the claims as to the respective rights were presented and filed within the time allowed by law, for determination by the court in the proceeding provided by statute for that very purpose. We do not see how the equitable doctrine of *laches* can have any application under such circumstances. A proceeding on distribution is not in the nature of a suit between party and party in which one seeks to recover something alleged to be withheld by another, but is in the nature of a proceeding *in rem*, provided for the purpose of judicially decreeing the succession to the property of a deceased person. A procedure is provided under which any person claiming a right of succession may appear and present his claim of succession, and upon the hearing

the court must determine in whom the property of the deceased has vested. The claimants in such a proceeding occupy no such relation one to the other as may fairly be held to impose upon one in favor of another any obligation of diligence in the matter of presenting his claim. All claimants are upon an equal footing in this regard, required only to present their claims at the time and in the manner required by law. We are speaking, of course, of cases of mere delay, and without regard to a possible situation in which it might be held that one was estopped to urge his claim as against another. The doctrine of laches has been held applicable in certain proceedings in probate in this state, but always, so far as we have found, where the proceeding was in its nature *one against parties,* and where it might fairly be held that the obligation rested on the claimant in favor of such parties to diligently assert his claim. On principle we see no room for its application in any other case. The cases in this state, such as *Estate of Crosby,* 55 Cal. 574, 586, hold it applicable in proceedings for the sale of real property of a decedent for the payment of debts of the deceased, and this conclusion is reached upon the theory, as stated in *Estate of Hume,* 179 Cal. 341, [176 Pac. 681, 682], that "an application to sell real estate of a decedent is a proceeding against the heirs in whom the property vested at the death of the ancestor." (See, also, *Estate of Frued,* 131 Cal. 673, [82 Am. St. Rep. 407, 63 Pac. 1080].)

Much as we deplore the protracted and varied litigation in the matter of this estate, we see no good answer to the contention that the appellants were entitled to have their claims of heirship considered on the hearing of the petition for distribution.

The order and decree appealed from is reversed.

Olney, J., Shaw, J., Wilbur, J., Lennon, J., Sloane, J., and Lawlor, J., concurred.

Rehearing denied.

All the Justices concurred.