[S. F. No. 13802. In Bank.—June 30, 1930.]

ALMA SKUTT EDLUND et al., Petitioners, v. THE SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

Andros, Hengstler & Dorr for Petitioners.

Dinkelspiel & Dinkelspiel, David K. Lener and J. H. Morris for Respondents.

SHENK, J.—This is an original proceeding for a writ of mandate to direct the respondents, the Superior Court and judge thereof, to enter an order establishing proof of service pursuant to the provisions of section 1664 of the Code of Civil Procedure.

On March 24, 1927, the respondent court made an order settling the final account of the executor and entered a decree of distribution in the matter of the estate of John H. Peltier, deceased, in accordance with the provisions of the last will and testament of the decedent. The will bequeathed a specific legacy of $6,000 to Margaret Cotter and the rest and residue of the estate to the seven children of the testator, Amelia Peltier, Elizabeth Peltier, Julia Peltier, Lillie Peltier, Richard Peltier, Leander Peltier and Henry Peltier, share and share alike. It was further provided that in the event any of said children be dead at the time of the probate of the will the share to which such deceased child shall be entitled should be given to any issue of such child, and if there be no issue, then to the surviving children in equal shares. The decree of distribution recited that "Julia Kachimras (formerly Julia Peltier), a legatee and devisee under and by the terms of said will, died on or about the 11th day of September, 1921, in the city of Seattle, State of Washington, leaving her surviving no issue at law." Elizabeth Peltier died without issue prior to the

death of her father, and by the decree of distribution the residue of the estate was distributed to Amelia Protextor (formerly Amelia Peltier), Lillie Johnson (formerly Lillie Peltier), Richard Peltier, Leander Peltier and Henry Peltier, share and share alike. A decree discharging the executor was entered on June 14, 1927.

On September 7, 1927, a motion was made in the respondent court on behalf of Martha Agnes Nelson, an infant, by her guardian *ad litem*, to set aside, annul and vacate the decree of distribution on the ground, among others, that said Martha Agnes Nelson was the duly adopted daughter of Julia Nelson (formerly Julia Peltier Kachimras), and therefore entitled to the share of Julia Peltier in the residue of said estate. After a hearing on said motion, and on May 15, 1928, the respondent court entered its order ''that said final decree of distribution filed in the above entitled estate March 24, 1927, in so far as it distributes the residue of said estate to Amelia Protextor (formerly Amelia Peltier), Lillie Johnson (formerly Lillie Peltier), Richard Peltier, Leander Peltier, and Henry Peltier, be, and the same is hereby vacated, annulled and set aside''; also annulling the order discharging the executor and ordering the executor to repossess himself of the residue of the estate distributed to said named distributees. This order of May 15, 1928, has become final.

On January 18, 1929, pursuant to the petition filed by Martha Agnes Nelson, the respondent court made and entered its order and decree that the petitioner is the duly and legally adopted daughter of Julia Kachimras, formerly Julia Peltier, and that she is entitled to a one-sixth share of the residue of the estate, and directing the executor forthwith to prepare and file his account and petition for final distribution. It appears that no account or petition of the executor for distribution has since been filed, but that on March 15, 1929, the executor appealed from said order and decree of January 18, 1929, and that the appeal is still pending.

The petitioners herein, Alma Skutt Edlund and Clinton Skutt, claim to be the natural children of Julia Peltier by a previous marriage which they allege was solemnized on September 15, 1894, in Seattle, Washington, and that the petitioners had no knowledge of the death of John H. Peltier,

nor of his last will nor of any of the above proceedings until February 19, 1929. On February 26, 1929, these petitioners filed a notice of motion in the respondent court in the matter of said estate for an order vacating the final decree of distribution entered March 24, 1927, and the decree discharging the executor made June 14, 1927, and the order of January 18, 1929, establishing Martha Agnes Nelson as a residuary legatee under said will. The motion was denied. Thereupon on July 2, 1929, the petitioners commenced proceedings to establish heirship under the provisions of section 1664 of the Code of Civil Procedure. In said proceedings the petition was duly filed, the order directing notice thereof was duly made, returns of due service were filed and appearances of all parties concerned were filed, all in the manner prescribed by law. At the commencement of the hearing on the application to establish heirship, the petitioners applied to the respondent court for an order establishing proof of service of the notice of the application and order to show cause, offering in evidence the aforementioned returns of due service and notices of appearance of all parties. No objection was made that the proceedings up to this point were not in due form and as required by the provisions of section 1664 of the Code of Civil Procedure, but said application for an order establishing due proof of service was resisted by counsel for the other persons concerned and who had filed appearances, on the ground that the court was without jurisdiction to entertain the proceedings at all for the reason that the decree of distribution entered on March 24, 1927, which was set aside and vacated so as to consider the claims of Martha Agnes Nelson, was nevertheless still in full force and effect and was a final and subsisting decree and judgment *in rem* as against the petitioners; that the proceeding to establish heirship is therefore a collateral attack on said decree of distribution and that the proceeding is not available to them in the absence of a successful direct attack on the decree of distribution. On the ground that the decree of distribution was binding on the petitioners and was a complete bar to the proceedings initiated under section 1664 of the Code of Civil Procedure and that it therefore had no jurisdiction to entertain the proceedings, the respondent court refused to make its order establishing proof of ser-

vice. The petitioners thereupon applied to this court for a writ of mandate for the purpose of directing the respondent court to entertain the motion for an order establishing due proof of service in said proceedings and to enter its order thereon. The matter is submitted on the petition and the respondent's demurrer thereto.

The sole question presented is whether the law imposes upon the respondent court the duty to enter the order requested. Section 1664 of the Code of Civil Procedure provides for the filing at any time after the expiration of six months from the issuing of letters testamentary or of administration, of a petition to establish heirship and upon such filing for an order directing service of notice to all persons interested in the estate to appear and show cause, etc., which notice shall be served in the same manner as a summons in a civil action. The section then states: "Upon proof of which service, by affidavit or otherwise, to the satisfaction of the court, the court shall thereupon acquire jurisdiction to ascertain and determine the heirship, ownership and interest of all parties in and to the property of said deceased . . . The court shall enter an order or decree establishing proof of the service of such notice."

It is obvious from a reading of the section that the court before which the proceedings are initiated and which makes the order directing service of notice to all interested parties to show cause, etc., acquires jurisdiction upon proof of due service. No objection to the proof of service was made before the respondent court and satisfactory proof of such service is admitted by the demurrer to the petition. The entry of an order, it must be apparent, is merely a formal step in the exercise of the jurisdiction thereby acquired and is mandatory if no valid objection can be made to the entry thereof.

It is the contention of the respondents that the order vacating the decree of distribution upon the motion of Martha Agnes Nelson under section 473 of the Code of Civil Procedure did not inure to the benefit of the petitioners and that said decree is still in full force and effect against them. The petitioners urge that by a final order of the respondent court the decree of distribution has been set aside, the order discharging the executor has been revoked and he has been ordered to repossess himself of the residu-

ary estate and continue his duties as executor and that on this state of the matter the proceeding provided for in section 1664 of the Code of Civil Procedure is available to them.

We think the position of the petitioners must be sustained. Distribution in the administration of such an estate is a proceeding *in rem* which ordinarily has not the nature nor characteristics of an action at law or in equity wherein adverse personal interests of the parties are tried and adjudicated. (See *In re Painter,* 115 Cal. 635, 639 [47 Pac. 700] ; 12 Cal. Jur., p. 164, and cases cited.) Although notice is required (sec. 1668, Code Civ. Proc.), there is no necessity for appearance or participation in the proceedings by an heir or devisee as such unless objections are filed or until conflicting claims arise among them, and there is therefore, until a contest in the nature of an action or special proceeding is instituted, nothing in the nature of a technical default of any interested person and entry thereof. (*Estate of Ross,* 185 Cal. 8, 16 [195 Pac. 674].) Even upon the determination of any such action or proceeding during the course of administration there is no judgment *in personam* in favor of one of the parties against another. The ultimate aim and purpose of administrative proceedings, including any special proceeding or contest to determine heirship, is to ascertain the persons entitled to share in the estate of the decedent and to decree distribution accordingly. It will not be questioned that justice and sound policy require that the estates of decedents be distributed to persons rightfully entitled thereto and that every concern and endeavor of a probate court should be to the accomplishment of that purpose. This does not mean that a valid decree of distribution of a probate court, when once final, may be disturbed at the behest of any rightful claimant, known or unknown, when the decree was rendered, for it is the well-settled policy of the law to preserve the inviolability of final judgments and decrees of courts of law and equity, and a valid decree of a court of probate partakes of the nature of such judgments. (*Burroughs* v. *De Couts,* 70 Cal. 361, 372 [11 Pac. 734].)

It is true that in controversial proceedings, i. e., in actions at law or in equity, an order granting a motion to open up a default, or set aside a judgment on behalf of

one defendant, does not necessarily open up the whole judgment, but the judgment may remain binding on all except those on whose behalf the relief was granted. (*McKinley* v. *Tuttle*, 34 Cal. 235.) This rule was recognized in *Osmont* v. *All Persons*, 165 Cal., at page 592 [133 Pac. 480], relied on by the respondents. But this is not such a case. More particularly this is a case where the effect of the order vacating the decree of distribution established a status in the probate proceeding the same as if upon reversal without directions, no decree of distribution had been entered. (*Estate of Ross*, 185 Cal. 8 [195 Pac. 674] ; 12 Cal. Jur., p. 212.) Any proceeding thereafter on distribution would be on a new hearing. It may well be said that the decree of distribution in the present case is of such a nature as to the residuary legatees that it must be effective as to all of them or as to none. With no decree of distribution outstanding as to any of them, the status of the proceeding in probate is as though no steps in distribution had been taken and the matter in controversy is left open for determination. (1 Freeman on Judgments, 5th ed., p. 594.)

We conclude, therefore, that as to these petitioners the form of the order vacating and setting aside the decree of distribution was such as to open up the administration of the decedent's estate for any proceedings lawfully to be taken therein in regular course as though no decree of distribution had theretofore been entered.

Let the peremptory writ of mandate issue as prayed.

Seawell, J., Richards, J., Preston, J., Waste, C. J., Langdon, J., and Curtis, J., concurred.