[Civ. No. 28315. Second Dist., Div. Two. Apr. 23, 1965.]

ESTATE OF ALICE F. JOHNSON, Deceased. ALAN
CRANSTON, as State Controller, Petitioner and Appellant, v. DOROTHY CURRIE, Objector and Respondent.

Charles J. Barry, Walter H. Miller and William L. Baugh for Petitioner and Appellant.

Booth, Mitchel, Strange & William and George C. Mitchel for Objector and Respondent.

ROTH, P. J.—This is an appeal by the State Controller from the order of the trial court fixing the inheritance tax on the estate of Alice F. Johnson (Alice) excluding from the estate and therefore from the embrace of the tax a remainder interest in a trust estate established by her father, George H. Flowers.

On March 27, 1938, Flowers, a resident of Missouri, died testate in Missouri. Pursuant to his will probated in Lawrence County, Missouri, the residue of his estate was distributed in

trust to First National Bank of Pierce City, Missouri, for the benefit of his wife, Flora Flowers, and his daughter, Alice; the income thereof to be paid in equal parts every three months during the life of the trust to wife and daughter Alice ''. . . during the lifetime of my said wife and upon her death it is my will that all of said trust property then on hand shall go to and become the absolute property of my said daughter.''

On June 21, 1960, Alice, a resident of California, died in California. She was survived by her mother and her only child, Dorothy Currie, who was appointed executrix of her estate. Alice's will provided, among other things, as follows: ''To my mother, FLORA FLOWERS, . . . during her lifetime, my share of the income from the George Flowers [sic] Trust, First National Bank of Pierce City, Missouri, trustee; my remainder interest under said trust to my daughter, DOROTHY CURRIE....''

On or about July 27, 1960, the trustee petitioned the Circuit Court of Lawrence County, Missouri, for a declaratory judgment to determine his legal duty under the trust. The petition alleged, *inter alia,* that the petitioner was the duly qualified trustee of the George Flowers' Trust; that Alice had predeceased her mother; that the trust fails to provide in express language for the distribution of income from the trust in the event of the death of Alice during the life of her mother, nor for the distribution of the corpus of the trust upon the death of Flora Flowers; and that the trustee is unable to determine the issue so created. The petition concludes with a prayer that the court ascertain the beneficiaries and distributees of the income and corpus of the trust and also that the court construe the will of George Flowers and declare the duties, rights and legal relations of the petitioner so that it may proceed with the administration of the trust. The petition named Flora Flowers, Dorothy Currie and Doir Johnson (Dorothy's husband) as defendants. Each defendant was served by mail and appeared by counsel in the Missouri proceeding.

On May 8, 1961, the Missouri trial court entered its judgment on the petition holding that Alice possessed a life estate in her father's trust, coupled with a remainder interest in the corpus of the trust; that upon predeceasing her mother, Alice's remainder interest lapsed and terminated, leaving the remainder to pass by the laws of intestacy; and that Dorothy Currie, the only daughter of Alice, was the sole lineal descendant of George H. Flowers and therefore entitled to and vested with the remainder interest of the trust subject to the life estate of Flora Flowers.

The court further found that Flora Flowers and Dorothy Currie had entered into an agreement dated December 22, 1960, whereby Flora assigned her life estate to Dorothy and also agreed that the trust would be terminated and the assets distributed to Dorothy in accordance with the above agreed distribution plan and further that the assets of the trust would be transferred to Dorothy, to be held in a custodial account in a California bank. In consideration for said transfer Dorothy agreed and the declaratory judgment provided that Dorothy would pay to Flora in monthly payments for life, an amount equal to the total net income received by Dorothy from the assets thus transferred to her during the lifetime of Flora.

On January 30, 1963, the inheritance tax appraiser filed his report in the *Estate of Alice Johnson*.[1] The report listed as an uninventoried asset the value of the corpus of the trust of George H. Flowers, less an allowance for the life estate granted to Flora Flowers. Respondent objected to the tax appraiser's report on the basis that the included remainder interest had passed to Dorothy Currie through the estate of George H.

---

[1] "The following are the items of said property and the valuation thereof:

| | | |
|---|---:|---:|
| "As per Inventory ... | | $222,655.98 |
| Riverside County Inventory .. | | 1,500.00 |
| Supplemental Inventory | | 15,304.50 |
| | | $239,460.48 |

"Uninventoried Asset:
Interest in George H. Flowers
Testamentary Trust:

| | | | |
|---|---:|---:|---:|
| U.S. Treas. Notes | $ 97,368.76 | | |
| Cash .. | 28,698.06 | | |
| | 126,066.82 | | |
| "Less: L.E. to Flora Flowers | 9,367.22 | | |
| "Less: Appraiser fee | 116.70 | | |
| | | 116,582.90 | |
| "Brought forward | | | $239,460.48 |
| "Total deductions | | | $ 21,328.38 |
| | | | 218,132.10 |
| "Uninventoried | | | 116,582.90 |
| "The CLEAR MARKET VALUE of said property is therefore | | | $334,715.00 |
| "Total tax | | | $ 21,563.58 |

"Dated: October 11, 1962"

Flowers pursuant to the Missouri decree and that California was without jurisdiction to tax such interest.

After a hearing on the issues tendered by the objections the probate court held that prior to her death Alice had a terminable interest in her father's trust, which interest lapsed and terminated upon her death, and therefore was not subject to her testamentary disposition. Further, that the Missouri court had in rem jurisdiction over the trust and that its judgment respecting the rights and interests in said trust is conclusive and binding on all the world including the estate of Alice Johnson.

The court therefore fixed the inheritance taxes due the state excluding the assets of the Flowers' trust. It is from this order that the controller appeals.

■ Appellant contends that the trial court erred in giving full faith and credit to the Missouri decree which he classified as an in personam judgment entered without jurisdiction over the estate of Alice Johnson. Respondent argues that the suit was an in rem action and that the judgment was therefore binding on the world in general, and the State of California in particular.

The Missouri action was brought under the Missouri Declaratory Judgment Act (Vernon's Ann. Missouri Statutes, §§ 527.010-527.140) which provides that "Any person interested as or through an executor, administrator, trustee . . . , in the administration of a trust . . . may have a declaration of rights or legal relations in respect thereto: . . . (3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings." (§ 527.040.) In addition, the Missouri Act provides, "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration, and no declaration shall prejudice the rights of persons not parties to the proceedings." (§ 527.110.)

No Missouri decision determining the nature of the proceedings before the Missouri trial court has been called to our attention by the parties. However, the jurisdictional conflict facing a court in the situation where it has jurisdiction over the trust corpus and trustee but where it must comply with the mandate of section 11 of the Uniform Declaratory Judgments Act (V.A.M.S., § 527.110) was alluded to in *Staley* v. *Safe Deposit & Trust Co. of Baltimore*, 189 Md. 447 [56 A.2d 144, 148], wherein the court noted: "A bill to construe a will or

trust agreement, for the purpose of present distribution or other action by a fiduciary ... may be prosecuted ... as a proceeding in rem (or quasi in rem), without personal service. This may likewise be true of a bill for a declaratory judgment construing a will, even if no present action is necessary, if the bill presents an actual controversy between adverse parties seeking a determination of their legal rights.'' The court pointed out, however, in light of section 11 of the Uniform Declaratory Judgment Act, that ''[o]rdinarily there is no difference as to necessary parties between a declaratory proceeding and any other proceeding in personam.'' (*Staley* v. *Safe Deposit & Trust Co. of Baltimore, supra.*)

Unquestionably, the estate of Alice was an interested party in the Missouri proceedings and therefore a necessary party to the trustee's suit. (*Holland* v. *Flinn,* 239 Ala. 390 [195 So. 265] ; *Ronan* v. *First National Bank of Arizona,* 90 Ariz. 341 [367 P.2d 950, 955] (contingent beneficiary) ; *In re Bridge's Estate,* 40 Wn.2d 133, 134-136 [241 P.2d 439, 440] (residuary legatee) ; *Chapin* v. *Collard,* 29 Wn.2d 788, 793-795 [189 P.2d 642, 646] (remainderman) ; *Thornhill* v. *Elskes* (Tex. Civ. App.) 381 S.W.2d 99, 101 (devisees) ; *Brennan* v. *Russell,* 133 Conn. 442 [52 A.2d 308, 309] (possible heirs).)

The Missouri judgment, therefore, could not bind a party whose presence was indispensable to a determination of the issues before the court but who had not been made a party to the suit. (*Greif* v. *Dullea,* 66 Cal.App.2d 986 [153 P.2d 581] ; *Cooper* v. *Cook,* 347 Mo. 528 [148 S.W.2d 512, 515] ; *Durwood* v. *Dubinsky* (Mo.) 291 S.W.2d 909, 914; Borchard, Declaratory Judgments, 256.) ▮ Moreover, it was proper for appellant in the present suit to attack the Missouri judgment on any and all legal grounds. (*Babbitt* v. *Babbitt,* 44 Cal.2d 289, 292 [282 P.2d 1].)

Respondent urges that the proceeding before the Missouri court was analogous to a probate proceeding and therefore within the scope of *Estate of Radovich,* 48 Cal.2d 116 [308 P.2d 14]. ▮ In *Radovich,* the court held that a probate proceeding is a proceeding in rem and that by giving the notice required by statute, the entire world is called before the court and the decree is binding upon all persons. However, as a matter of jurisdiction, the analogy is not sound. A probate proceeding has as its main objective the ascertainment of persons entitled to share in an estate and the distribution of the estate accordingly. (*Edlund* v. *Superior Court,* 209 Cal. 690, 695 [289 P. 841].) ''Although notice is required ... there is no necessity for appearance or participation in the pro-

ceedings by an heir or devisee as such unless objections are filed or until conflicting claims arise among them...." (*Edlund* v. *Superior Court, supra.*) ▮ Likewise, an heirship proceeding, as in *Radovich*, brought in the probate court is " 'not against persons as such, but against or upon the thing or subject matter itself'—the decree, when rendered, 'is a solemn declaration of the status of the thing, and ipso facto renders it what the [decree] declares it to be.' " (*Estate of Radovich, supra*, p. 120.)

▮ Traditionally, the courts have differentiated between judgments in personam and in rem on the basis that "A judgment in personam imposes a personal liability or obligation on one person in favor of another. A judgment in rem affects the interests of all persons in designated property. A judgment quasi in rem affects the interests of particular persons in designated property." (*Hanson* v. *Denckla*, 357 U.S. 235, 246 [78 S.Ct. 1228, 2 L.Ed.2d 1283].)

▮ As indicated above, however, the Missouri proceeding, statutory in nature, does not fall within such accepted classifications. Thus, while the Missouri statute allows the adjudication of matters of importance to the trustee in the performance of his duties, it also requires that all interested persons shall be made parties to the suit. The Missouri proceeding assumes jurisdiction over the res or trust but requires the presence of the decedent's estate for a valid adjudication of the issues. The Missouri proceeding may be classified as in rem insofar as it has jurisdiction over the subject matter and has complied with the minimum constitutional standards of due process. (*Mullane* v. *Central Hanover Bank & Trust Co.*, 339 U.S. 306 [70 S.Ct. 652, 94 L.Ed 865].) But the failure of the trustee to join the estate of Alice and to give notice to the estate so that it might defend its interests in the trust results in a judgment void as to the estate and one not entitled to full faith and credit as to the estate. (*Gagnon Co., Inc.* v. *Nevada Desert Inn, Inc.*, 45 Cal.2d 448, 457 [289 P.2d 466]; *Noyes* v. *Stewart*, 361 Mo. 475 [235 S.W.2d 333, 335]; *Riley* v. *New York Trust Co.*, 315 U.S. 343 [62 S.Ct. 608, 86 L.Ed. 885].)

▮ While not accepting the Missouri judgment, well settled rules of conflict of laws dictate that the nature of Alice's interest in her father's trust be determined according to Missouri law. (*Schuster* v. *Superior Court*, 98 Cal.App. 619 [277 P. 509]; Rest., Conflict of Laws, § 298; Land, Trusts in the Conflict of Laws, 203.)

■ The decision of the Missouri Supreme Court in *Legg* v. *Wagner* (Mo.) 155 S.W.2d 146, is decisive of the issue of whether the remainder interest was vested at the time of Alice's death. In *Legg,* the testator willed his estate to his wife for life and upon her death, to four named beneficiaries in specified shares. As in the case at bench the remaindermen predeceased the life tenant and the will made no provision for such an occurrence. In reaching the conclusion that the interest of the remaindermen was vested at the death of the testator, the Missouri court held: "In determining whether or not the devisees took a vested interest, we must recognize that 'The law favors vested estates, and, where there is a doubt as to whether the remainder is vested or contingent, the courts will construe it as a vested estate.' [Citations.] '. . . The rule is that estates shall be held to vest at the earliest possible period, unless a contrary intention is clearly manifested ...' [Citations.] It will be presumed that the testator intended to dispose of his entire estate. [Citations.] 'Missouri decisions uniformly hold that the general intendment and presumption is against partial intestacy where any other reasonable construction is possible.' [Citation.]'' (At pp. 147-148; accord, *Muzzy* v. *Muzzy,* 364 Mo.373[261 S.W.2d 927]; *Harlow* v. *Benning,* 357 Mo. 266 [207 S.W.2d 471]; *McDougal* v. *McDougal* (Mo. App.) 279 S.W.2d 731; *Norman* v. *Horton,* 344 Mo. 290 [126 S.W.2d 187, 125 A.L.R. 531].) The remainder interest in the case at bench falls squarely within the facts and reasoning of *Legg.* Under Missouri law, Alice's remainder interest was a vested interest. It was thus subject to her disposition by will and subject to the California inheritance tax. (*Graves* v. *Schmidlapp,* 315 U.S. 657 [62 S.Ct. 870, 86 L.Ed. 1097, 141 A.L.R. 948].)

Since there is no dispute as to the facts or figures contained in the inheritance tax report other than the inclusion of the remainder interest, and thus the issues presented are solely issues of law, a reversal of the order would serve no purpose. (*Estate of Fleming* (1948) 31 Cal.2d 514, 523 [190 P.2d 611]; *Estate of Platt,* 21 Cal.2d 343, 352 [131 P.2d 825].) The order fixing the inheritance tax is therefore amended to exclude therefrom the findings of the trial court and in their place are substituted the figures deduced by the inheritance tax appraiser, inclusive of the remainder interest of Alice Johnson in the George Flowers Trust.

As amended, the order is affirmed.

Herndon, J., and Fleming, J., concurred.